## J. F. G. LONG v. TOWNSHIP OF MILFORD.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF JUNIATA COUNTY.

Argued May 27, 1890—Decided October 6, 1890.

1. Specifications, alleging error in the answers to points for instruction, which do not quote the points and answers, or, error in the admission or rejection of testimony, which do not give the testimony admitted or rejected under the offers made, are not in accordance with the Rules of the Supreme Court XXIII., XXIV.

2. In an action against a township for negligence, it is not error to charge, upon submissible * evidence, that if the jury find that the plaintiff, driving a blind horse, negligently suffered his carriage to be drawn against a tree at the side of the roadway, causing the horse to plunge over the embankment, he cannot recover.

3. And it is not error, in such case, to charge, that "if they were both guilty of negligence, the plaintiff could not recover. The law does not

---

* This word, it is true, is not found in any of the Reporter's dictionaries; but if "admissible" is good, why not "submissible?"

stop to measure the degree of negligence on the part of the plaintiff." Not only is the instruction free from error, but it is strictly accurate.

4. Where the trial judge, in instructing the jury, used facts assumed but not purporting to have been shown in the testimony, merely by way of illustration as to legal negligence, such use was not error simply because the facts assumed conformed to a theory of the case urged by the opposing party.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 68 July Term 1890, Sup. Ct.; court below, No. 101 December Term 1887, C. P.

On November 14, 1887, John F. G. Long brought trespass against the township of Milford.  Issue.

At the trial on April 27, 1888, it was made to appear that on July 12, 1887, the plaintiff was driving with a blind horse along a highway in defendant township, at a point where there was a steep bank at the side of the road.  The plaintiff testified that he was driving with the lines in his hands, when the horse suddenly took fright, plunged to the side of the road, and went over the bank.  Witnesses, called on the part of the plaintiff, testified that the roadway was dangerously narrow and that a barrier should have been maintained at the place of the accident.

The defendant called witnesses who testified that the roadway was not dangerous, and that no barrier was necessary; that the tracks of the carriage had been followed from a point sixty or seventy feet back, whence they passed from the middle of the roadway, in a straight line, until the hub of the wheel had struck an oak tree at the edge of the bank; that the horse's tracks indicated that, until the tree was struck, he was passing along at a walk, and that then the horse and carriage had gone over the bank, with no indication that there had been an abrupt plunge from the roadway after a sudden fright.

The defendant offered to prove by A. H. Spangler " that, while the plaintiff was driving through Port Royal on the same day, on his way out to where the accident occurred, his horse then got off the road and into the gutters along the pavement, and was near striking some of the trees; this is offered for the purpose of showing that he either could not drive the horse, or the horse was unmanageable."

Charge of Court below.

Objected to, "because it is not evidence to show how this accident happened; neither is it evidence of negligence on the part of the plaintiff at the time he went over the bank."

By the court: Offer admitted; exception.[1] *

"The evidence of W. H. Stevens was admitted under the same offer and objection." [2] *

The court, BARNETT, P. J., charged the jury, in part as follows:

The defendant has presented us with points on which they ask us to instruct you:

2. That supervisors are not required by law to rail the sides of a road, merely because there is a bank over which a vicious, blind or uncontrollable horse might plunge or back a vehicle, unless the roadway is so narrow as to afford insufficient space to manage a horse. It would be impossible to guard a road against every possible danger; therefore, if the jury believe that the road in question, being twenty-eight or thirty feet wide, was safe, and an accident could only happen by careless driving, or using a blind horse, the township of Milford was not at fault, and the plaintiff cannot recover.

Answer: The law makes no distinction between a blind horse and one that can see, in respect to the duty of supervisors in making and keeping the public roads in safe and passable condition. The measure of their duty is the exercise of sufficient care, according to the circumstances. They are not required to guard a road against every possible danger; but only to guard it so that the traveler exercising ordinary care may pass along it in safety. With this qualification this point is affirmed.[3]

3. If the jury believe that the plaintiff, Mr. Long, neglected to guide his horse, which being blind could not see for himself, and permitted the animal to take his own course, and allowed him to leave the safe middle track of the road, and over a dis-

---

* Observe: The sentences quoted are copied from the specifications of error. In neither of the specifications is the testimony admitted under the offer, or even the substance of it, given; nor is the place where it may be found in the appendix shown. In the second specification, neither the offer, the objection, the ruling, nor the testimony admitted, nor the exception, appears.

Charge of Court below.

tance of sixty or seventy feet gradually approached the white oak tree on the edge of the bank, by means of which the horse got over altogether, and being blind could not recover himself, then the plaintiff is guilty of contributory negligence and cannot recover.

Answer: This point we affirm.[4]

[The defendant alleges that the plaintiff was guilty of negligence in this: That he was driving a blind horse, and, instead of guiding him in the safe road which he could not see to follow himself, carelessly permitted him to walk towards the edge of the road until the wheel of the carriage struck the white oak tree, causing the blind horse to plunge over the roadside, and carriage and driver all went down to the foot of the bank. If this be true, then, however serious and unfortunate the results of this accident, and however much the plaintiff may be entitled to our sympathies, he is not entitled to your verdict: the accident is but the consequence of his own negligence and he cannot recover damages from the township.][5] . . .

Mr. Jacobs: The jury desire to know whether, if they were both guilty of negligence, there could be any recovery?

Answer: [If they were both guilty of negligence, the plaintiff could not recover. The law does not stop to measure the degree of negligence on the part of the plaintiff,][6] and say that if he is guilty of greater negligence than the township he cannot recover, but that if he is guilty of only a small degree of negligence he may recover. The law is, that if he is guilty of any negligence, however slight, which contributed to produce the injury of which he complains he cannot recover; so that if both township and plaintiff were guilty of negligence the plaintiff cannot recover. . . . . .

The jury returned a verdict for the defendant. A rule for a new trial having been discharged, judgment was entered on the verdict, when the plaintiff took this appeal, the certiorari being filed on May 5, 1890.

On May 9, 1890, the court, BARNETT, P. J., filed the following "Certificate of Supplemental Charges;" under seal:

At the request of plaintiff's counsel, I do hereby certify that, at the trial of the above named case, after the jury had been charged and retired to consult upon their verdict, the

jury twice asked for further instruction and were twice brought into the court-room and instructed upon the points on which they requested information. This is not contained in the record, because the reporter had left for home after the jury was charged. I do not remember the questions asked by the jury on these two occasions; but, I think the instructions given were to define and illustrate negligence and contributory negligence; and I think, as one example, they were told that if the borough authorities of Mifflintown dug a ditch across one of the streets and left it open and unguarded, that would be negligence; and if a traveler, in the night-time, without knowledge of its existence, drove into the ditch and was injured, he might recover damages. But if a resident of the borough, with knowledge of the ditch, carelessly or intentionally drove into it, he would be guilty of contributory negligence and could not recover damages. I think on the second occasion the jury were told, that if a public road were so dangerous that it needed a guard-rail or other barrier to protect against going over a steep embankment, it was negligence to leave it without such protection. But if a traveler, knowing the danger, should be passing along asleep in his carriage, or engaged in reading a newspaper, or otherwise having his attention so averted that his horse was not under control, and the horse went over the embankment because unguided, that such traveler would be guilty of contributory negligence and could not recover damages. I think the plaintiff's counsel complained of this last example, because they said it was the theory set up by the defence. No exception however was noted, because the answers to the jury's questions were not committed to writing, and the reporter was absent. It is impossible to recollect accurately what was said on the occasion, and the foregoing statement may only be substantially correct. But the object of the instructions thus given was to make plain as possible to the jury the idea of negligence, and of contributory negligence, so that they might determine for themselves from the evidence, whether the township was guilty of negligence, and if so, whether the plaintiff was guilty of contributory negligence.

On the argument at Bar, the appellant specified that the court below erred:

Opinion of the Court.

1. " In admitting the testimony of A. H. Spangler ; "—giving the offer, the objection, and the ruling, but not the testimony admitted.[1]

2. " In admitting the evidence of ˜W. H. Stevens, under the same offer and objection." [2]

3. " In its answer to defendant's second point ; it should have been refused without qualification ; "—without copying the point or the answer.[3]

4. " In affirming defendant's third point ; "—without copying the point or the answer.[4]

5, 6. In the portions of the charge embraced in [ ] [5] [6]

7. " In not noting exceptions made to supplemental charges ' because the answers to the jury's questions were not committed to writing, and the reporter was absent.' "

8. " In the supplemental charge, when the assumed facts of the defendant as to the plaintiff being ' engaged in reading a newspaper, or otherwise having his attention so averted,' were made use of as an illustration of contributory negligence."

*Mr. F. M. M. Pennell* and *Mr. George Jacobs* (with them *Mr. D. W. Woods,* for the appellant.

Counsel cited : (3) Scott Tp. v. Montgomery, 95 Pa. 444 ; Hey v. Philadelphia, 81 Pa. 44 ; Millcreek Tp. v. Perry, 20 W. N. 359.    (4) Penna. R. Co. v. Bock, 93 Pa. 427.    (5) Neslie v. Railway Co., 113 Pa. 300 ; Fritsch v. Allegheny, 91 Pa. 226 ; McKee v. Bidwell, 74 Pa. 218 ; Crissey v. Railway Co., 75 Pa. 83.    (6) Thirteenth St. Ry. Co. v. Boudrou, 92 Pa. 475 ; Gould v. McKenna, 86 Pa. 297.    (7) Act of March 24, 1877, P. L. 38.    (8) Penna. R. Co. v. Bock, 93 Pa. 427 ; Scheuing v. Yard, 88 Pa. 286.

*Mr. B. F. Junkin* and *Mr. Jer. Lyons,* for the appellee.

PER CURIAM :

The first four assignments are not in accordance with the rules of court, and will not be considered.    We fail to discover error in the portion of the charge embraced in the fifth assignment.    The language of the court was justified by the evidence, and was free from error.    The sixth assignment alleges that the court erred in charging the jury that " if they were both

Statement of Facts.

guilty of negligence, the plaintiff could not recover. The law does not stop to measure the degree of negligence on the part of the plaintiff." Not only is this free from error, but it is strictly accurate. The rule is, that if the plaintiff's negligence contributed in any degree, however slight, to the injury, he cannot recover. The matter referred to in the seventh assignment is not the subject of error, and, if it were, no harm is done, as the supplemental charge is given, and error assigned to it. The words objected to in the supplemental charge about reading a newspaper, were used merely by way of illustration, and did not purport to be an extract from the evidence. The illustration was proper, and could have done the plaintiff no injury.

Judgment affirmed.

