178    601
19 SC ⁵652

George T. Platz *v.* McKean Township and Fred Richley, 178    601
Frederick Leube and Leonard Grant, Road Commis-  24 SC ⁷ 30
sioners, Appellants.                               178    601
                                                   214   ⁷200

*Negligence—Roads—Evidence—Effect of variance between allegata and probata when not misleading.*

In the statement of claim filed in an action of trespass for personal injuries it was averred that the accident took place on " a public or township road . . . leading from Erie to Middleboro." The evidence showed that the injury was not received between Erie and Middleboro. Counsel for the defendants conceded that they were not misled by the statement of claim. *Held,* that the defendants were not prejudiced by the alleged variance, and were not entitled to have a motion for a nonsuit sustained.

*Evidence—Witness—Instruction of court upon weight of interested and disinterested witness.*

The fact that a witness has an interest in the case may and should be considered by the jury in determining what weight shall be given to his testimony, but this is no ground for an instruction from the court that the testimony of a disinterested witness is entitled to more weight than his.

If a witness in a former trial or elsewhere has made statements contradictory to his testimony at a second trial, such statements affect his credibility as a witness, but they do not authorize a binding instruction for the defendant.

*Practice, C. P.—Charge of court.*

It is no ground for reversing a judgment on a verdict for the plaintiff in an accident case, that the trial judge in instructing the jury used facts assumed but not purporting to have been shown in the testimony, merely by way of illustration as to legal negligence, although the facts assumed may have conformed to a theory of the case urged by one of the parties.

*Negligence—Notice of condition of highway—Supervisors—Municipal corporations.*

The individual knowledge of officers or agents of a municipal corporation, who in such capacity have powers or duties conferred upon them with reference to a given matter, is the knowledge of the corporation, and notice to such officers or agents is notice to the corporation, and the corporation is bound or affected by such knowledge or notice. Notice to a supervisor of the dangerous condition of a public road is notice to the township.

*Evidence—Opinion of witnesses—Dangerous condition of road.*

Where the description of a witness of the condition of a sluice in a public road is intelligible and easily comprehended it is proper to reject the opinions of witnesses respecting the safety of the sluice.

*Husband and wife—Measure of damages to husband for injury to wife.*

In an action by a husband for an injury to a wife, the husband is entitled to recover the moneys he has expended or become liable to pay for the medical care and attendance upon his wife during her illness, and for the loss of her services while unable to attend to her domestic duties; and in such a case the term " services " implies whatever of aid, assistance, comfort and society the wife would be expected to render to or bestow upon her husband under the circumstances and in the condition in which they may be placed, and it is immaterial that services in the ordinary sense were not rendered at all.

*Negligence—Township road—Bridge.*

In an action against a township to recover damages for personal injuries caused by an alleged defect of a bridge over a sluice on a road, there was evidence that the bridge was dished, and there was also evidence that the horse driven by plaintiff's wife broke through a plank because of a defect in it. *Held*, that it was not improper for the court to refer to the dishing condition of the bridge.

Argued April 27, 1896. Appeal, No. 26, July T., 1895, by defendants, from judgment of C. P. Erie Co., September T., 1890, No. 3, on verdict for plaintiff. Before Green, Williams, McCollum, Dean and Fell, JJ. Affirmed.

Trespass for personal injuries. Before Greer, P. J.

At the trial it appeared that plaintiff's wife was injured on August 15, 1889, while driving on a township road leading south from Middleboro. At the place where the accident occurred there was a sluice or culvert covered by a small bridge of planks. There was evidence that the planks were dished towards the center of the bridge. There was also evidence that the planks were in bad condition, and that by reason thereof the horse which plaintiff's wife was driving broke through, causing the accident by which she was injured.

When William Nesbett, a witness for plaintiff, was on the stand, after testifying that the sluice or culvert was out of repair, and that it was V shaped, he was asked:

" Q. What conversation if any did you have with any of the road commissioners about it? "

Objected to as incompetent.

Plaintiff offered to ask the witness if he reported the condition of this to any of the road commissioners.

Objected to as incompetent.

The Court: The law recognizes two kinds of notice, direct

and constructive. Now if direct notice can only be given to the officers in an official meeting how could they ever get constructive notice, because that must be made up from either what they have seen or have known, and it depends on their individual character, to a great extent. We will receive this.

Exception sealed for the defendants.

" Q. After you were thrown out what if any notice did you give to any of the road commissioners, of the condition of this bridge or culvert? A. I notified the commissioner, Mr. Leube, of its condition, and that I was badly shook up and hurt. Q. That was in May, 1889? A. Yes, sir." [20]

Henry Stedman, a witness for defendants was asked :

" Q. Now from your acquaintance with this sluice, from what you know of it, and the examination you made of it, and the times you have seen it prior to the accident, and from what you saw of it subsequent to this accident, what is your opinion as to whether or not this sluice was in a safe condition up to the time of the alleged accident and injury to Mrs. Platz ? "

Objected to.

The Court : Where a municipal corporation builds a sewer or bridge, and where it is strong enough, and well enough done, in the judgment of the officers at the time, the courts have held that it would not be negligence in them if it was not strong enough, if they actually believed it was, and acted reasonably. Mr. Stedman in this case was acting as a pathmaster; the Supreme Court has held in several cases that a municipality is not liable for an error in judgment of its officers. I think it would be improper to receive expert evidence, or the opinion of a witness, as to the safe or dangerous character of this bridge at that time, and I wouldn't receive the testimony in answer to the question as it is stated ; and therefore the objection is sustained and the question overruled.

Exception sealed for the defendants. [21]

Plaintiff's points and answers thereto among others were as follows :

1. It is the duty of the defendant township to keep its highways in a safe condition so that all persons passing over and along said highway may do so with safety, and if the jury find from the evidence that the bridge or culvert across the public

road south of Middleboro about a half mile on the Erie and Edinboro road, so called, the wife of plaintiff driving on and along said road on or about the 15th or 22d day of August, 1889, was injured by reason of the bridge or culvert being out of repair, the planks rotten, worn out and out of place, such condition of the road would be negligence, and the plaintiff can recover for damages thus received. *Answer :* Affirmed, if the jury find that the road commissioners had notice. [1]

· 6. It was the duty of the defendants, the road commissioners of McKean township, to take the general charge and supervision of all the roads and bridges in said township, and they could not delegate such power to any other persons either as pathmaster or otherwise, nor escape liability thereby, and the acts of the pathmaster would not be the acts of the road commissioners, and if the jury find from the evidence that the road commissioners made no examination to ascertain the condition of the bridge or culvert as to the condition of the planks and stringers, they were guilty of negligence, and the plaintiff is entitled to recover. *Answer :* This point is affirmed if the road commissioners had notice, and it is for the jury to say whether or not they had such notice. [2]

7. The negligence in this case is not in the construction of the culvert, nor as to the sufficiency of height, or too high or too low as to be held an error of judgment in the same, but the negligence claimed is in not keeping the bridge or culvert in good repair, sound planks, without holes, and in proper place and shape, and is not such a case when the township authorities in the exercise of their judgment could escape liability on the grounds of error of judgment, therefore the plaintiff is entitled to recover. *Answer :* It is not claimed by the defendants that the officers, the road commissioners, made any examination of this sluice. This point is affirmed as a general proposition, and the plaintiff should recover if the other proof in the case is sufficient. [3]

Defendants' points and answers thereto among others were as follows :

1. That the plaintiff's declaration alleging an injury on the Erie & Edinboro Plank Road leading from Erie to Middleboro, and the evidence showing that the injury was received at a point south of Middleboro, and not at any point between Erie

and Middleboro, the plaintiff cannot recover, and the verdict must be for the defendants. *Answer:* Refused. [7]

2. That if the jury find from the evidence that the only defect in the sluice in question, prior to the accident, was that it was rendered dishing by reason of the planks being raised at the out edges, then the verdict should be for the defendants. *Answer:* This is not affirmed in this shape. It is for the jury to say whether it was a safe sluice, and whether or not Mrs. Platz received her injuries from the dishing of the planks or from the breaking of the planks at the east end. If the only defect was a slight dishing then the verdict should be for the defendants. [8]

4. That if the jury find from the evidence that prior to the accident there was no break in the planks on said sluice, and that said planks appeared to be reasonably sound, then the verdict should be for the defendants. *Answer:* This is affirmed unless the jury find that the sluice was unsafe from great dishing, and that Mrs. Platz received her injuries from this dishing. [9]

9. That under all the evidence the verdict must be for the defendants. *Answer:* Refused. [11]

14. That the evidence of disinterested witnesses should ordinarily receive more weight in the trial of a cause, if they are otherwise as credible, than the evidence of parties who are directly or indirectly interested in the result of the suit. *Answer:* Refused. [12]

15. That if the jury find from the evidence that Emma Platz, the wife of the plaintiff, stated to others, and testified in a former case "that she did not know how she was injured," and that such statements and testimony so made by her were true, then the verdict must be for the defendants. *Answer:* Refused. [13]

17. That there is no evidence except that of the wife of the plaintiff, as to the manner in which she was injured, and if the jury find that she has testified falsely in regard to it, they should disregard her evidence and find a verdict for the defendants. *Answer:* Where there is no other evidence than the wife's testimony how can the jury find she testified falsely? Refused. [14]

19. That if the jury find that the hole in question occurred by reason of a knot incident to ordinary bridge plank, and not

by reason of a decayed condition, the verdict should be for the defendants. *Answer:* Affirmed, unless the jury finds that Mrs. Platz's injuries resulted from great dishing of the plank.

The court charged in part as follows:

[And I will say here that the notice need not be given to the commissioners in session; that if the notice is given to any one of the commissioners at any time, whether or not they are in session, that it would be direct notice to the commissioners of the township.] [16]

Now if the boards were sound and the stringers were sound and the stringers were not misplaced but remaining at their proper place, and there was nothing more wrong than that the outer edge was raised two inches, there would be no negligence, and this would not be a dangerous bridge. But if these planks were raised four or five inches, or so that the dish in the center was eight or ten inches, and it had remained for a long time in that way it would not be a safe bridge; it wouldn't be as dangerous as a bridge over a great stream or great hollow, but it would not be an entirely safe bridge.] [17]

[Then the next question is what damages, and it won't do if you have doubts about the negligence about the plaintiff having made his case strong enough to give a little verdict, unless they are only entitled to a little verdict; if you are not sure that the township was negligent, if you are not sure there was some wrong on the part of the township, and that this accident occurred on account of the negligence, you ought not to give any damages at all. Sometimes jurors say "we have a little doubt about this, and we will give something, any way;" but that is not right. If the case is made out on the part of the plaintiff as I have told you, then the next question is compensation to this man for what he has lost. It is not exemplary damages. There is no damage to punish the officers of the township or the township. It is only to give evenhanded justice to this man for what he has lost on account of this accident to his wife, and if you go further than that you would go wrong. The plaintiff alleges that this was a good wife, and that she was forty years old, that she was an intelligent woman, that she had been teaching school in her younger days, and even after they were married, to make some little money to help them along, and that she would work out in the field and do her house

work. I am not saying this as proof, but only that it is alleged on the part of the plaintiff, that she would take care of seven to ten cows, and that they had two children, and that she did his house work and helped him in the field; that was very kind and good of her, and from his allegation she was a valuable wife to him. He alleges that this accident has brought about an entire change; that before this accident occurred she was a healthy woman, that she was always able to do her work, that this accident has so rendered her physical condition that she is unfit to work; that she ought not to work, and so far as that is concerned it is proper for you to look at her and judge from her appearance as to whether you believe from what you see of her, as to her ability to do the work required to be done on a farm, in a family of a husband and wife and two children, and from what you have heard—you have a right to judge from her appearance and what you have heard. When he married this wife the law gave him all the rights of her labor and earning power; it gave him the benefit of her company and society; it gave him her as his adviser and counselor, and he has, as the law puts it, a property in that wife; although it don't seem sentimental to say so, but nevertheless it is true, that the law recognizes in a husband property in his wife. He is bound to pay the expenses when she is sick, to nurse her when she is not well, and to feed and take care of her as long as she lives, and on account of that the law recognizes his right in her labor and her usefulness to him as a wife, and will compensate him for this in the event of its being taken away from him improperly.

Now take the proof in the case and see what it is. You have heard the testimony and I will not pretend to go over all these witnesses; it wouldn't be proper if I did; but see how it is. She was injured on the 15th or 22d of August; they didn't send for a doctor just at once; perhaps you may ask the question, "does everyone send for a doctor as soon as they are sick or get hurt?" When she sent for a doctor you have heard what the result of his examinations were, and you have heard his testimony as to the extent of her injury and the permanence of it.

You have a right to take up this case—if you believe that this woman was hurt by the negligence of the officers of that township—and when you find that, you take up this case, and

you have a right to put a value on her services from the day she got hurt until the day that she may die, and as to that we have no proof. There is a way of estimating the life of humanity by the Carlisle Tables, but they haven't seen fit to put them in here. There has been no proof on that, and you have a right to use reasonable, fair intelligence as regards this matter, and estimate about the time this woman is likely to live, and then you can value her services until that time, and you can add to that the expense and outlay for medicine and nursing, etc., that the plaintiff would have to do to keep her comfortable and to keep her living. And you can make your estimate from that and return your verdict accordingly.

The proof as regards their having a girl and sometimes not —that don't make any difference whether they have a girl or don't have; whether they are compelled to hire or not—the only question is, is this lady able to work; and if she is not what would her services have been worth to this husband, had she done her work? And if the husband sees fit to do the work, that is his matter, or if they see fit to board.] [18]

Verdict and judgment for plaintiff for $3,200. Defendants appealed.

*Errors assigned* among others were (1–3, 7–9, 11–18) above instructions, quoting them; (20, 21) rulings on evidence, quoting the bill of exceptions.

*E. A. Walling*, with him *Clark Olds* and *T. A. Lamb*, for appellants.—Under the pleadings and evidence, if plaintiff's wife did not know how she was injured, there was nothing upon which the jury could base a verdict, as there was no other witness on this subject: Huey v. Gahlenbeck, 121 Pa. 238; Reese v. Clark, 146 Pa. 465.

An answer to a point wrong in law cannot be cured by expressions in the general charge: Rice v. Olin, 79 Pa. 391; Murray v. Com., 79 Pa. 311.

The question of negligence is for the jury and it is error for the court to affirm a point which assumes defendants' negligence: Payne v. Reese, 100 Pa. 301.

We submit that the whole charge on the question of damages invited the jury to give a verdict for the loss of the earning power of a healthy woman: Kauss v. Rohner, 172 Pa. 481.

It is competent for a witness who is familiar with the place where an accident occurred to express an opinion as to the dangerous character of the place: McNerney v. Reading City, 150 Pa. 611; Kraut v. Ry., 160 Pa. 327; Beatty v. Gilmore, 16 Pa. 463; Phila. & Reading R. R. v. Ervin, 89 Pa. 75; Kitchen v. Union Twp., 171 Pa. 145.

*J. Ross Thompson*, with him *Ora L. Flinn*, for appellee.— There was sufficient notice to the supervisors: Burrell Twp. v. Uncapher, 117 Pa. 353; Dundas v. Lansing, 75 Mich. 499; Elliott on Roads and Streets, 463; Scranton v. Catterson, 94 Pa. 202; Denver v. Dean, 3 Am. St. 594.

The trial judge was undoubtedly right to express his opinion upon the character and weight of the testimony, and also as to what would constitute negligence: Speer v. P., W. & B. R. R., 119 Pa. 61; Kilpatrick v. Com., 31 Pa. 216; Bitner v. Bitner, 65 Pa. 363; McClintock v. Pa. R. R., 21 W. N. C. 133; Doyle v. Union Pass. Ry. Co., 147 U. S. 413.

The opinion of witnesses were inadmissible: Graham v. Penna. Co., 139 Pa. 149; Franklin Fire Ins. Co. v. Gruver, 100 Pa. 266.

OPINION BY MR. JUSTICE McCOLLUM, January 4, 1897:

The plaintiff's wife jumped or was thrown from a buggy and injured while driving upon the old Edinboro Plank road, in McKean township, about half a mile south of Middleboro. The court instructed the jury that if she jumped from the buggy the plaintiff could not recover. In the narr on which the case was tried the road was described as " a public or township road commonly called the Old Edinboro Plank road leading from Erie to Middleboro." At the close of the plaintiff's evidence in chief the defendants moved for a nonsuit on the ground that the allegata and probata did not agree. The nonsuit was refused and, at the close of the evidence in the case, the defendants submitted a point to the effect that as there was no evidence that the injury was received between ᴱrie and Middleboro] " the verdict must be for the defendants." The point was also refused. The counsel for the defendants frankly concede that they were not misled by the narr, and we cannot therefore see how the defendants were prejudiced by the alleged discrepancy between it and the proofs.

We cannot agree with the defendants that the dishing condition of the sluice had no connection with the accident. As described by the plaintiff's witnesses it may have been a contributing if not the primary and sole cause of it. It was a matter of very slight, if of any importance whether the horse broke through the plank because of a defect in it, or because of the dishing condition of the sluice. The result was the same in either case.

We discover no error in the refusal to affirm the defendants' 14th, 15th, and 17th points. The fact that the witness has an interest in the case may and should be considered by the jury in determining what weight shall be given to his testimony, but we know of no legal warrant for an instruction from the court that the testimony of a disinterested witness is entitled to " more weight " than his. If Mrs. Platz had in her former testimony, or elsewhere, made statements contradictory of her testimony on the second trial, such statements affected her credibility as a witness, but they did not authorize an instruction that " the verdict must be for the defendants." A previous statement that she did "not know how she was injured " may have referred to the degree or extent of her injury, and was by no means a complete defense to the plaintiff's suit.

The excerpt from the charge which is the subject of the 17th specification is like the part of the charge which was the subject of the 8th specification in Long v. Milford Township, 137 Pa. 122, and for the reasons given in that case it is not cause for reversal. The 16th and 20th specifications may be considered together. They relate to the effect of a notice given to one of the road commissioners or supervisors of a township of the defective condition of a road in it. In Burrell Twp. v. Uncapher, 117 Pa. 353, the plaintiff was allowed under objection from the defendant to prove notice of the dangerous condition of the road. This, on appeal, was assigned for error, but the assignment was not pressed by counsel, and this court said there was no error in admitting the proof of notice. Notice to the supervisor was notice to the township. He was one of the officers or agents of the township charged with the care of its highways. " The individual knowledge of officers or agents of a municipal corporation who in such capacity have powers or duties conferred upon them with reference to a given matter, is

the knowledge of the corporation, and notice to such officers or agents is notice to the corporation, and the corporation is bound or affected by such knowledge or notice:" Dundas v. City of Lansing, 75 Mich. 499.

The rejection of the offer to supplement the description of the condition of the sluice by the opinions of witnesses respecting the safety of it is well sustained by the decision of this Court in Graham v. Penna. Co., 139 Pa. 149. The description of the sluice was as intelligible and easily comprehended in this case as the description of the platform was in that. The cases cited to support the offer are plainly distinguishable in their facts from the case at bar. They were cases in which it was believed that the mere description of the place was insufficient to convey to the jury an adequate idea with reference to the danger.

The complaint that the court in affirming the plaintiff's first point imposed too high a duty upon the township in regard to its highways must be considered in connection with the instructions in the general charge on this subject, and the answer to the defendants' 8th point. So considered there is no reasonable ground for believing that the jury were led by the affirmance of the point to adopt an erroneous view of the powers and duties of the municipality in respect to the construction and repair of the public roads. The instruction as to the measure of damages has the express sanction of this Court in Kelley v. Mayberry, Twp., 154 Pa. 440, and a discussion of it in this case is therefore unnecessary. As the court instructed the jury that if Mrs. Platz jumped from the buggy the plaintiff could not recover, and as there was no other basis for even a suggestion of contributory negligence, the defendants have no cause to complain of the instructions in this particular. We have carefully considered the general charge in connection with the answers to the points submitted by the parties, and we are not satisfied that the instructions were inadequate, partial or misleading. The specifications of error are overruled.

Judgment affirmed.