## Brown (et al., Appellant) *v.* Glenside Lumber and Coal Co.

Argued January 12, 1968. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Stephen M. Feldman,* with him *Harry Norman Ball, Joseph G. Feldman,* and *Malis & Feldman,* for appellant.

*Leon Rosenfield,* with him *Alfred Sarowitz,* for appellees.

OPINION PER CURIAM, April 24, 1968:

Our ruling in *Neuberg v. Bobowicz,* 401 Pa. 146, 162 A. 2d 662 (1960), is reaffirmed and disposes of the single issue presented by this appeal.

Order affirmed.

---

CONCURRING OPINION BY MR. JUSTICE JONES:

Very properly, in my opinion, the majority of this Court now reaffirms our ruling in *Neuberg v. Bobowicz,* 401 Pa. 146, 162 A. 2d 662 (1960). In this respect, the views expressed in my concurring opinion in *Castelli v. Pittsburgh Railways Co.,* 413 Pa. 17, 22, 23, 195 A. 2d 794 (1963), have not changed.

In dissent, Mr. Justice ROBERTS has seen fit to "drag" into this appeal a question of the constitutionality of a rule which would permit a husband to recover damages for the loss of his wife's consortium and deny to a wife the right to recover damages for the loss of her husband's consortium.[1] To do so, Mr. Justice ROBERTS first *assumes* the *present* existence of such a rule.[2]

---

[1] "Consortium" has been defined as the three "S's"—sex, society and services.

[2] Cf. *Bedillion v. Frazee,* 408 Pa. 281, 288, 183 A. 2d 341 (1962).

The question of the constitutionality of such rule—*if such be the rule*—is not before us. In the first place, counsel for appellant, at oral argument, informed us that he *purposely* refrained from raising this issue before us or in the court below. In the second place, this Court, time after time, has stated that matters not raised in, or considered by, the court below—*even though they involve constitutional questions*—cannot be considered on appeal: *Chartiers Creek Bridge,* 235 Pa. 365, 366, 84 A. 351 (1912); *Muse-Art Corp. v. Phila.,* 373 Pa. 329, 332, 95 A. 2d 542 (1953); *Schade v. Allegheny County Inst. Dist.,* 386 Pa. 507, 513, 126 A. 2d 911 (1956); *Archbishop O'Hara's Appeal,* 389 Pa. 35, 46, 47, 131 A. 2d 587 (1957); *Wynnewood Civic Association v. Lower Merion Twp, etc.,* 406 Pa. 413, 419, 179 A. 2d 649 (1962). Unfortunately, Mr. Justice ROBERTS, for some undisclosed reason, has seen fit to completely ignore counsel's purposeful waiver of the issue of constitutionality and the well-settled and salutary rulings of our Court in its limitation of issues to be considered on appeal.

Mr. Justice EAGEN, speaking for a majority of this Court, restricts himself very properly to a determination of the *only* issue before us. Mr. Justice ROBERTS, in raising *sua sponte* a constitutional issue based, in turn, upon an *assumption* of the present view of this Court on an issue presently not before us, in my view, by his dissent, simply creates confusion in the minds of the Bench and Bar.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

The Majority has affirmed the decision of the lower Court in this case on its opinion filed in *Neuberg v. Bobowicz,* 401 Pa. 146. I filed a dissenting opinion in that case and reaffirm everything I said there, all the more convinced that the principles enunciated in

that dissenting opinion are founded not only on the ideals of humanity but on the bedrock of elementary justice. I feel confident that some day those principles will be accepted by a majority of this Court and Pennsylvania will continue to advance along the road of enlightened jurisprudence.

---

. DISSENTING OPINION BY MR. JUSTICE ROBERTS:

As indicated by the majority's citation to *Neuberg*, the sole issue here involved is a wife's right to maintain an action for loss of consortium where as a result of a third party's negligence her husband has suffered a brain injury causing a complete personality change. Although the question of the constitutionality of the Pennsylvania rule permitting the husband to maintain such an action while denying a similar right to his wife (which is in effect reaffirmed by the majority's decision) is not presented by this appeal,[1] this problem must form part of the matrix of our decision.

Of the courts that have considered the constitutional issue, the majority have concluded that to permit the husband's recovery yet to deny the same right to a wife works a denial of equal protection. See *Karczewski v. Baltimore and Ohio RR Co.*, 274 F. Supp. 169 (N.D. Ill. 1967); *Owen v. Illinois Baking Corp.*, 260 F. Supp. 820 (W.D. Mich. 1966); *Clem v. Brown*, 3 Ohio Misc. 167, 207 N.E. 2d 398 (1965); contra, *Krohn v. Richardson-Merrell, Inc.*, 219 Tenn. 37, 406 S.W. 2d 166 (1966), cert. denied, 386 U.S. 970, 87 S. Ct. 1160 (1967). Other courts have allowed the wife's

---

[1] Counsel for appellant frankly stated at oral argument that the constitutional question was not pressed for fear that it would prompt this Court to abolish the consortium action for either spouse. Such a position has already been advocated by Mr. Justice JONES' concurring opinion in *Castelli v. Pittsburgh Railways Co.*, 413 Pa. 17, 22-23, 195 A. 2d 794, 797 (1963), an opinion in which Mr. Justice COHEN and Mr. Justice EAGEN joined.

action for fear that to do otherwise would create constitutional problems. See, e.g., *Deems v. Western Maryland Ry.*, 247 Md. 95, 231 A. 2d 514 (1967). I am similarly convinced that whatever may be the merits or demerits of a consortium action, they apply equally whether the plaintiff is a husband or wife; to determine eligibility for relief on the basis of the sex of the party seeking recovery creates a totally irrational classification and thus denies equal protection. Simply, I believe that the time has come for this Court to "fish or cut bait"—either to permit both husband and wife to bring consortium actions or to deny the right to both.

To date, some sixteen states and the District of Columbia[2] allow a wife to bring a consortium action. And the clear trend of the courts that have recently considered this problem is to permit the wife's action. See Prosser, Torts 916-19 (3d ed. 1964). While I agree with Mr. Justice EAGEN'S majority opinion in *Neuberg* that the historical justification for the husband's action has long since disappeared, I nonetheless believe that the action for consortium should be retained if in fact it can find justification in the realities of today's policy. I believe, as do the vast majority of the commentators in this area,[3] that there is justification to retain the husband's action and extend that action to his wife. Perhaps Professor Henry H. Foster, Jr. has best capsulized my views on this issue:[4] "In essence, the problem, . . . is not one of awarding damages to punish sin, but instead is purely one for the law of pro-

---

[2] To the list of fifteen states compiled in Recent Developments, 13 Vill. L. Rev. 418, 419 n.13 (1968), the decision in *Delta Chevrolet Co. v. Waid*, 211 Miss. 256, 51 So. 2d 443 (1951) should be added.

[3] See Recent Developments, 13 Vill. L. Rev., supra at 419 n.10.

[4] Foster, Relational Interests of the Family, 1962 Ill. L. F. 493, 520.

cedure and damages. It cannot be successfully argued that loss of consortium by either spouse is a negligible loss unworthy of compensation. Only a cynic or a bachelor (which may be a tautology) could so argue. The legal problem is one of multiplicity of actions and the translation of an intangible nonmonetary loss into pecuniary damages. The practical problem, of course, is insurance company opposition to such actions. Professor Jaffee and the Pennsylvania Supreme Court to the contrary notwithstanding, neither the multiplicity nor the damage problem presents serious obstacles that make such suits administratively difficult or unfeasible. Similar objections have been rejected elsewhere, and the consequences have not been catastrophic. Loss of consortium due to the negligence or intentional misconduct of a third person, typically resulting from a traffic accident, is the one tort under discussion where the loss is most apt to be real and genuine, where the suit is not prompted by avarice or revenge, and no other alternative or forum is available. Unless the action of the spouse directly injured is expanded to include the loss of consortium of the other, the one indirectly injured should have a cause of action, although perhaps it may be fair to require consolidation of the actions for trial . . . ."

I dissent.

Mr. Justice MUSMANNO joins in this dissenting opinion.