DeAngeli, Appellant, *v.* Fitzgerald.

530

Argued January 9, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Willard C. Hetzel,* for appellant.

*Albert R. Subers,* with him *Bean, DeAngelis, Tredinnick & Giangiulio,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 23, 1969:

This is an appeal from the Order of the Court of Common Pleas sustaining appellee's preliminary objections to appellant Marianne's claim for damages for loss of her husband's consortium.

Maurice deAngeli filed a complaint in trespass seeking to recover damages for (a) loss of wages and medical bills and (b) pain and suffering and (c) repairs to his car arising out of a collision with appellee's car. Marianne deAngeli, appellant herein, was named as a party plaintiff in her husband's trespass action in order that she might recover damages for loss of her husband's consortium. Marianne's consortium claim was averred to be for less than $10,000.

Appellee filed preliminary objections to appellant's consortium claim, on the ground that such a claim was not recognized by the law. *Brown v. Glenside Lumber*

*and Coal Company,* 429 Pa. 601, 240 A. 2d 822; *Neuberg v. Bobowicz,* 401 Pa. 146, 162 A. 2d 662. The lower Court dismissed the claim for consortium and ordered that it be expunged from the complaint.

It is clear that the Order of the lower Court which not only sustained appellee's preliminary objections but dismissed the plaintiff-wife's consortium claim is a final Order and therefore appealable. *Brandywine A. J. School Authority v. VanCor, Inc.,* 426 Pa. 448, 451, 233 A. 2d 240; see, also, *Sullivan v. Philadelphia,* 378 Pa. 648, 107 A. 2d 854.

However, the amount of damages claimed by the plaintiff-wife for loss of consortium is less than $10,-000 and therefore appellate jurisdiction is in the Superior Court. Act of June 24, 1895, P. L. 212, §7(c), as amended, August 14, 1963, P. L. 819, §1, 17 P.S. §184 (Supp.) 1963. *Morris v. Board of Property Assessment,* 417 Pa. 192, 209 A. 2d 407.

Case remitted to the Superior Court, appellant to pay costs.