Brown *v*. Philadelphia Transportation Company, Appellant.

Argued November 20, 1969. Before BELL, C. J., COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused April 17, 1970.

*James Conwell Welsh,* with him *Lewis H. Van Dusen, Jr.,* Chief Counsel, for appellant.

*Sidney L. Weinstein,* with him *Weinstein & Leonard,* for appellees.

*Leonard M. Sagot,* and *Ettinger, Poserina, Silverman, Dubin, Anapol & Sagot,* for amicus curiae.

OPINION BY MR. JUSTICE ROBERTS, March 20, 1970:

In this automobile accident case Mr. and Mrs. Brown, plaintiffs at the trial and appellees here, alleged that Mrs. Brown was injured when a PTC bus struck her car from the rear. The jury returned a verdict in favor of the Browns which included a $3,000.00 award to Mr. Brown for the loss of his wife's consortium. Appellant argued that on the basis of the evidence introduced at the trial it was entitled to either a judgment n.o.v. or a new trial. We disagree.

At the trial Mrs. Brown testified that she was driving south on Henry Avenue, a four lane dual roadway, on March 10, 1961, and that she was forced to slow down when another automobile pulled into her lane. She related that as she slowed down she noticed in her rear view mirror that the PTC bus following her seemed to be traveling faster than she was and that she was struck in the rear shortly thereafter. She further stated that the bus driver stopped and asked her if she was injured, but then refused to identify himself and promptly left the scene. Both Mr. Brown and a garage mechanic testified that there was green paint on the rear bumper of Mrs. Brown's automobile.

The PTC driver denied that there ever was an accident, and appellant introduced into evidence several statements made by Mrs. Brown shortly after the accident in which she apparently did not mention that a

PTC bus was involved, but said only that she had been a victim of a hit-and-run accident.

## Liability

The issues in this area are factual, and taking the evidence in the light most favorable to the appellee we agree with the court en banc's conclusion that "the record amply supports the jury's conclusion that defendant's operator was negligent in striking plaintiff's vehicle in the rear, proximately causing the injuries sustained by the wife-plaintiff. Defendant's contention that its operator never made contact with plaintiff's vehicle merely raised an issue of fact, the determination of which was for the jury." Appellant's contention that Mrs. Brown's pretrial statements render the verdict a miscarriage of justice is utterly without merit. The only thing that can be said about these statements is that they were incomplete insofar as Mrs. Brown failed to mention who the hit-and-run driver was. They were in no way inconsistent with her testimony at trial, and they certainly do not indicate that a reversal is required.

The judgment of the trial court as to the defendant's liability is therefore affirmed.

## Consortium

Mr. Chief Justice BELL, Mr. Justice ROBERTS and Mr. Justice POMEROY favor affirmance of the award for loss of consortium, Mr. Justice COHEN, Mr. Justice EAGEN and Mr. Justice O'BRIEN do not. The Court being equally divided this portion of the judgment is also affirmed.

Mr. Justice JONES took no part in the consideration or decision of this case.

352

CONCURRING OPINION BY MR. CHIEF JUSTICE BELL:

The principle that a man is entitled to recover for the loss of consortium—namely, his wife's services, including preparation of food and meals, aid, assistance, comfort, society and intercourse—caused by another man's negligence or dereliction of duty is and always has been a basic foundation of our Anglo-Saxon Law.*

In *Kelley v. Mayberry Twp.*, 154 Pa. 440, 26 Atl. 595, the Court reiterated what had been a part of the very sinew of our law for countless years (page 447): "In the case last cited [*Henry & Wife v. Klopfer*, 147 Pa. 178, 23 Atl. 337], it is said: 'The husband is entitled to recover the moneys he has expended or become liable to pay for the medical care and attendance upon his wife during her illness, and for the loss of her services while unable to attend to her domestic duties.' In Cooley on Torts, 226, the general doctrine on the subject is stated thus: 'For an injury to the wife, either intentionally or negligently caused, which deprives her of the ability to perform services, or lessens that ability, the husband may maintain an action for the loss of services, and also for an incidental loss or damage, such as moneys expended in care and medical treatment and the like.' Speaking of the origin, etc., of the term 'services,' the same learned author says the word as now understood in connection with claims by husbands for damages, etc., 'implies whatever of aid, assistance, comfort and society the wife would be expected to render to, or bestow upon her husband, under the circumstances and in the condition in which they may be placed, whatever those may be. That services in the ordinary sense were not rendered at all, would be immaterial and irrelevant, except as the fact might, under some circumstances, tend to show a want of con-

---

* This has always been recognized, since before Biblical times and down through the recent decisions of this Court.

jugal regard and affection and thereby mitigate the damages.' "* See *Platz v. McKean Township,* 178 Pa. 601, 36 Atl. 136; *Bedillion v. Frazee,* 408 Pa. 281, 183 A. 2d 341; *Castelli v. Pittsburgh Railways Co.,* 413 Pa. 17, 195 A. 2d 794.**

As recently as *Brown v. Glenside L. & C. Co.,* 429 Pa. 601, 240 A. 2d 822 (April, 1968), this Court *again reaffirmed,* in a short Per Curiam Opinion, the existing law of consortium in Pennsylvania. Mr. Justice JONES, in his concurring Opinion, pertinently said (page 602) : "Very properly, in my opinion, the majority of this Court now reaffirms our ruling in Neuberg v. Bobowicz, 401 Pa. 146, 162 A. 2d 662 (1960)."

In *Neuberg v. Bobowicz,* 401 Pa., supra, which denied a wife the right to recover for loss of consortium, Mr. Justice EAGEN, in an interesting review of history, reiterated the right of a husband to recover for "loss of consortium."

I would allow appellee Brown to keep the $3,000 awarded to him by the jury as consortium damages.

---

* The wife's basic function is to raise the children and provide the services for her husband and children and for an affectionate home. When she is unable to perform her basic obligations to her husband and her family due to another man's negligent acts, what more basic right is there for the husband to be compensated for the loss of his beloved partner's "services"? This has been true for centuries and its truth is still relevant and controlling, even in these troubled times, filled with turmoil, controversy and change.

** Until 1950, wives were universally denied the right of consortium and only husbands were permitted to sue for harm to their conjugal interests. But in *Hitaffer v. Argonne Company,* 87 U.S. App. D.C. 57, 183 F. 2d 811, the Courts around the Country have been dramatically split on whether to allow consortium to both husband and wife, to the husband only, or to deny it to both husband and wife. See Anno. 23 A.L.R. 2d 1378 and Supplements thereto.