**Formichella  v.  Wagner**

*Marc L. Marks,* for plaintiffs.

*George H. Rowley,* for defendant.

ACKER, J., December 23, 1970.—Defendant by preliminary objection has brought before this court plaintiffs' novel contention. A short history will be of help. The action in trespass results from an automobile accident of May 11, 1968, when plaintiff, Andrew J. Formichella, a detective-sergeant of the Hickory Township Police Department, was involved in a motor vehicle accident on East State Street, Hickory Township, Mercer County, Pa. As a result of this accident, it is claimed that the husband-plaintiff, inter alia, sustained injury to his brain, resulting in complete incapacity which prevents his ever returning to his employment.

The preliminary objection questions the elements of damage claimed by the wife-plaintiff. They are, that because of her husband's injuries she was forced to give up her employment so that she could spend time with her husband in an effort to nurse him back to health and so that she could take care of the household duties and responsibilities normally carried forward by her husband. Further, it is claimed that she has been unable to work since the time her husband has become permanently disabled due to her being physically affected by her husband's illness and watching his steady deterioration. She then claims $300 per month as a result. The preliminary objection in the nature of a demurrer contends that the complaint states no cause of action for the wife, nor any damages legally recoverable by her. Although the facts

may cry out for some relief, those claims are not recognized in our law. The wife's claims for recovery must be denied.

At the outset it is noted that the wife had not requested by her complaint damages for loss of consortium. Rather, she requests two other claimed elements of damage. One is derivative of her husband and the other is not. The independent claim is for her own claimed physical deterioration "for the reason that she has been physically affected by her husband's illness in having to watch his steady deterioration which is another reason why she has been unable to return to work."

I. May a wife recover moneys for inability to work out of the home due to being physically affected by her husband's illness in having to watch him deteriorate due to an accident?

The complaint fails to inform us in what manner the wife-plaintiff was physically affected, but, being a demurrer, we assume it to be in such a way as to prevent her employment out of the home as she claims.

The farthest Pennsylvania has traveled down this road and possibly into the "Pandora's Box" is Niederman v. Brodsky, 436 Pa. 401, 261 A.2d 84 (1970). Although it was a milestone departure from the "impact rule" so graphically articulated in Bosley v. Andrews, 393 Pa. 161, 142 A.2d 263 (1958), which was tried in this court, recovery upon the facts of this case are as remote as before. It is true that the Supreme Court has accepted Restatement (2d), Torts, 436(2) in Niederman, and it is possible that Restatement (2d), Torts, 436(3) may be just over the horizon.[1] Even so, recovery would still elude this plaintiff for the claim here asserted. To recover, plaintiff must: (1) be in personal danger of impact; (2) there must be a negligent force directed at plaintiff; and

---

[1] William A. Addams in 74 Dickinson Law Review 514 (1970).

(3) he must actually fear the impact. All three required elements are here missing.

Niederman v. Brodsky, supra, permitted recovery for a plaintiff in the path of a skidding negligently and carelessly driven automobile which entered upon the sidewalk and destroyed or struck down a fire hydrant, a litter pole and basket, a newstand and struck plaintiffs' son, narrowly missing plaintiff. Despite the expectations others may have for Niederman opening wide vistas of recovery or fear of a "Pandora's Box,"[2] the concluding paragraph of the opinion must be carefully read, page 413:

"We today choose to abandon the requirements of a physical impact as a pre-condition to recovery for damages proximately caused by the tort *in only those cases like the one before us where the plaintiff was in personal danger of physical impact because of the direction of a negligent force against him and where plaintiff actually did fear the physical impact. Since appellant's complaint alleges facts which if proven will establish that the negligent force was aimed at him and put him in personal danger of physical impact, and that he actually did fear the force, the case must proceed to trial.*" (Italics supplied.)

Therefore, it would appear that even in such a terribly traumatic factual situation as Knaub v. Gotwalt, 422 Pa. 267, 220 A.2d 646 (1966), recovery would not be permitted, at least as to the parents. To do so would be to extend recovery beyond any court of record in the United States.[3] There, a mother and father were in a parked car 25 feet away watching their minor son and daughter cross a street. The boy

---

[2] As expressed in a dissent by Chief Justice Bell.

[3] Justice Roberts who dissented in Knaub v. Gotwalt, supra, suggested both Restatement (2d), Torts, 463(2) and (3) should be used to permit recovery. However, there the injury and impact was in sight of plaintiffs, although the parents at least were not put in fear of their own safety.

was struck and hurled onto a picket fence in their view and died. Recovery was denied to the parents and the sister who claimed damages for mental shock and anguish.[4]

In this case, plaintiff did not witness the accident and, therefore, is removed from any assistance either sections 436(2) or (3) could afford her. In our opinion, to permit recovery under the facts here present would be to not only open the "Pandora's Box" but to throw the lid away. This we cannot and will not do.

II. May a wife recover her wages lost because of caring for her husband caused by the negligent conduct of defendant?

The amount claimed is $300 per month lost wages. If recovery could be permitted under any recognized theory, wages lost would not necessarily be a proper measure of damages. Much more likely it would be the reasonable value of such services.[5] Certainly, if this wife can recover damages for nursing her husband, the converse is true. Logically, a parent should then recover for caring for an injured child. However, we find such recovery denied. An injured husband cannot recover for nursing services rendered by his wife, a parent may not recover increased inconvenience to other members of the family, and a plaintiff cannot recover damages for nursing of his family.[6,7]

---

[4] William A. Addams, writing in 74 Dickinson Law Rev. 514 (1970).

[5] Walker v. City of Philadelphia, 195 Pa. 168, 45 Atl. 657 (1900).

[6] Woeckner v. Erie Electric Motor Company, 182 Pa. 182, 37 Atl. 936 (1897).

[7] Goodhart v. Pennsylvania Railroad Company, 177 Pa. 1, 35 Atl. 191 (1896), at page 14: "The care of his wife and minor children in ministering to his needs involves the performance of the ordinary offices of affection: which is their duty, but it involves no legal liability on his part, and therefore affords no basis for a claim against a defendant for expenses incurred."

A husband who sues for injuries received by his wife cannot recover the amount his daughter would have received in another capacity as a factory worker where her mother desired her as a nurse.[8]

Wherefore, wife-plaintiff cannot recover for the damages here claimed.

III. May the wife-plaintiff recover for loss of consortium?

The facts of this case cry out for relief. However, plaintiff does not claim loss of consortium in her complaint. Further, our Supreme Court has recently reaffirmed its denial of consortium to a wife as a proper element of damage.[9] Therefore, this court must refuse it now.

### ORDER

And now, December 23, 1970, the preliminary objections of defendant in the nature of a demurrer as to the cause of action of Kathleen Formichella is sustained.

---

[8] Dormer v. Alcatraz Paving Company, 16 Pa. Superior Ct. 407 (1901).

[9] Neuberg v. Bobowicz, 401 Pa. 146, 112 A. 2d 662 (1960). Brown v. Glenside Lumber and Coal Company, 429 Pa. 601, 240 A. 2d 822 (1968). The trend appears to be away from loss of consortium for anyone for it was last allowed only by an equally divided six member court thereby affirming its allowance by the lower Court: Brown v. Philadelphia Transportation Company, 437 Pa. 348, 263 A. 2d 423 (1970).