## Chartiers Creek Bridge.

*Appeals—Appeal from Superior Court—Constitutional question.*
Where an order allowing an appeal from the Superior Court states that the appeal is allowed because a constitutional question is involved, the argument in the Supreme Court will be limited to that question, and if it appears that the assignment of error in the Superior Court relating to the constitutional question has been abandoned or not pressed at the argument in the Superior Court, it will not be considered in the Supreme Court.

Argued Jan. 29, 1912. Appeal, No. 63, Oct. T., 1912, by Andrew Hein, from judgment of Superior Court, April T., 1911, No. 131, affirming order of Q. S. Allegheny Co., Sept. T., 1909, No. 5, dismissing exceptions to report of viewers In re Chartiers Creek Bridge. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Appeal from judgment of Superior Court.
The opinion of the Superior Court states the case. See Chartiers Creek Bridge, 48 Pa. Super. Ct. 106.

*Error assigned,* was the judgment of the Superior Court.

*Robert T. Clever* and *Eckles & Conrad,* for appellant.

*W. H. S. Thomson,* of *Thomson & Thomson,* for appellee.

PER CURIAM, March 18, 1912:
This appeal must be dismissed for the reason that the appellant has no standing to be heard on the questions raised by the assignments of error. It was alleged in the petition for the allowance of an appeal that the case involved the constitutionality of the Act of May 8, 1909,

P. L. 494, and of the Act of February 24, 1873, P. L. 155. And in the order allowing the appeal it was stated that the appeal was allowed for the reason that a constitutional question was involved. This did not bring up the whole case for review, but only the specific question on which an appeal was allowed.

It appears from the record that the question of the constitutionality of the Act of 1909 was not raised in the Superior Court at any stage of the proceedings by this appellant, and it appears from the opinion of that court that the assignment relating to the constitutionality of the Act of 1873 was not pressed at the argument and it was conceded not to be well founded.

Where an order allowing an appeal from the Superior Court states that the appeal is allowed because a constitutional question is involved, the argument here will be limited to that question. Where an assignment of error has been abandoned or not pressed at the argument in the Superior Court, it will not be considered here.

It is just to counsel to say that there was no intention to mislead the court by the allegations in the petition. Two appeals by parties having similar interests were argued together in the Superior Court and disposed of in the same opinion. One of these appeals, but not that of the appellant here, raised the question of the constitutionality of the Act of 1873, and the action of the Superior Court on the assignments in both appeals has been assigned as error here. They are not both before us and our review is limited to the assignments by the appellant.

The decree is affirmed at the cost of the appellant.