Commonwealth *v.* Piper, Appellant.

Submitted November 8, 1972; reargued April 25, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

308

reargument refused December 17, 1974.

*James M. Potter,* with him *Liever, Hyman & Potter,* for appellant.

*Grant E. Wesner,* Assistant District Attorney, with him *Robert L. VanHoove,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 16, 1974:
Joan Piper was tried by a jury and convicted of prostitution and solicitation to commit sodomy. A sentence of fifteen months imprisonment and a $500 fine was imposed. The Superior Court in a per curiam opinionless order affirmed. *Commonwealth v. Piper,* 221 Pa. Superior Ct. 187, 289 A.2d 193 (1972), aff'g 63 Berks County L.J. 117 (Pa. C.P. 1971). We granted the petition for allowance of appeal,[1] and now affirm.

_____

[1] Appelate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp. 1974).

Appellant first asserts as error the trial court's refusal to charge on identification, on entrapment, and that the facts proved by the Commonwealth could not support a verdict for both prostitution and for solicitation to commit sodomy. However, no points for charge were submitted to the trial court by defense counsel. And at the conclusion of the charge and before the jury retired, the trial court queried whether "counsel have any motion, request or exception with respect to the charge?" Defense counsel answered negatively. See 63 Berks County L.J. at 120. In these circumstances, appellant's failure to take a specific exception to the charge forecloses our consideration of these issues on appeal. *Commonwealth v. Watlington*, 452 Pa. 524, 306 A.2d 892 (1973); Pa. R. Crim. P. 1119(b). See also *Commonwealth v. Martinolich*, 456 Pa. 136, 150 n.10, 318 A.2d 680, 688 n.10, cert. denied, 419 U.S. 1065, 95 S. Ct. 651 (1974); *Commonwealth v. Yount*, 455 Pa. 303, 318-19, 314 A.2d 242, 250 (1974); *Commonwealth v. Jennings*, 442 Pa. 18, 24, 274 A.2d 767, 770 (1971).

Two further challenges to appellant's judgment of sentence are proferred. First, it is maintained that appellant's conduct did not fall within the language of the statutory definition of solicitation to commit sodomy. Act of June 24, 1939, P.L. 872, § 502.[2] Second, appellant argues that the failure to set a minimum limit on her sentence denied her the equal protection of the laws since a male offender would have received a minimum sentence.[3] Appellant, however, admits that

---

[2] Section 502 of the Act of June 24, 1939, P.L. 872 has been repealed. Solicitation to commit sodomy is now dealt with by 18 Pa.C.S. §§ 902, 905(a), 3123, 3124 (1973).

[3] Compare Act of June 19, 1911, P.L. 1055, § 6, as amended, 19 P.S. § 1057 (Supp. 1974), with Act of July 16, 1968, P.L. 349, § 1, 61 P.S. § 566 (Supp. 1974).

In *Commonwealth v. Butler*, 458 Pa. 289, 328 A.2d 851 (1974), this Court declared unconstitutional that portion of 61 P.S. § 566

neither issue was raised in the trial court[4] or in the Superior Court;[5] they are raised for the first time in

that proscribed the imposition of a minimum limit on sentences for women convicted of crime and sentenced to imprisonment at the State Correctional Institution at Muncy.

[4] The constitutional attack on the new Muncy Act, Act of July 16, 1968, P.L. 349, § 1, 61 P.S. § 566 (Supp. 1974), was also not brought to the trial court's attention at sentencing. See ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures § 5.3(e), (f) (Approved Draft, 1968).

[5] The dissenting opinion misperceives our refusal to consider appellant's equal protection challenge. Even if a claim is properly presented to the trial court or the sentencing court, if it is abandoned in the Superior Court, then this Court will not pass on it. *Chartiers Creek Bridge*, 235 Pa. 365, 84 A. 351 (1912) (per curiam). Failure to pursue an issue on appeal is just as effective a forfeiture as is the failure to initially raise the issue. That we allowed an appeal on the assumption that an issue was properly before us makes no difference. This Court long ago affirmed this salutary rule.

"It was alleged in the petition for the allowance of an appeal that the case involved [a constitutional issue] . . . . And in the order allowing appeal it was stated that the appeal was allowed for the reason that a constitutional question was involved. . . .

"It appears from the record that the [constitutional] question was not raised in the Superior Court at any stage of the proceedings by the appellant . . . .

"Where an order allowing an appeal from the Superior Court states that the appeal is allowed because a constitutional question is involved, the argument here will be limited to that question. Where an assignment of error has been abandoned or not pressed at the argument in the Superior Court, it will not be considered here." *Chartiers Creek Bridge*, 235 Pa. at 365-66, 84 A. at 351. Accord, *Commonwealth v. Caruffiel*, 298 Pa. 319, 321, 148 A. 311, 312 (1929) (per curiam) ; *Clarion Borough Petition*, 275 Pa. 175, 118 A. 765 (1922) (per curiam). See also *Wynnewood Civic Ass'n v. Lower Merion Township Bd. of Adjustment*, 406 Pa. 413, 419, 179 A.2d 649, 652 (1962).

And this Court has recently and emphatically reaffirmed the rule that we will consider only those claims properly raised by counsel, *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974) ;

this Court. "We have consistently held that issues not raised in the court below are waived and cannot be raised for the first time on appeal to this Court." *Commonwealth v. Agie*, 449 Pa. 187, 189, 296 A.2d 741, 741 (1972). See also *Commonwealth v. Henderson*, 441 Pa. 255, 260, 272 A.2d 182, 185 (1971). Therefore, this Court will not address the merits of these challenges. See *Commonwealth v. McFarland*, 452 Pa. 435, 437, 308 A.2d 592, 593 (1973).[6]

Appellant's final contention is that her sentence is excessive. Imposition of sentence is within the sound discretion of the trial court. *Commonwealth v. Hill*, 453 Pa. 349, 310 A.2d 88 (1973); *Commonwealth v. Person*, 450 Pa. 1, 4-5, 297 A.2d 460, 462 (1972); ABA Project on Minimum Standards for Criminal Justice, Standard Relating to Sentencing Alternatives and Procedures §§ 2.2, 3.1 (Approved Draft, 1968). See generally Palmer, A Model of Criminal Disposition, 62 Geo. L.J. 1 (1973). Fifteen months imprisonment is within the limits set by the Legislature for the two crimes of which Appellant was convicted.[7] And we cannot say that the sentence imposed was so excessive "as to be constitutionally impermissible." *Commonwealth v. Wrona*, 442 Pa. 201, 206, 275 A.2d 78, 80-81 (1971);

---

*Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974); *Commonwealth v. Agie*, 449 Pa. 187, 189, 296 A.2d 741, 741 (1973).

[6] Similarly, the Supreme Court of the United States "has consistently refused to decide federal constitutional issues raised [there] for the first time on review of state court decisions...." *Cardinale v. Louisiana*, 394 U.S. 437, 438, 89 S. Ct. 1161, 1163 (1969); see *Tacon v. Arizona*, 410 U.S. 351, 93 S. Ct. 998 (1973); *Hill v. California*, 401 U.S. 797, 805-06, 91 S. Ct. 1106, 1111 (1971).

[7] See the Penal Code, Act of June 24, 1939, P.L. 872, § 512 (prostitution) (maximum: $500 fine, or 1 year imprisonment, or both); id. § 502 (solicitation to commit sodomy) (maximum: $1000 fine, or 5 years imprisonment, or both).

see *Commonwealth v. Lee,* 450 Pa. 152, 156-57, 299 A.2d 640, 642-43 (1973).

Judgment of sentence affirmed.

Mr. Chief Justice JONES concurs in the result.

Mr. Justice EAGEN would remand for resentencing.

---

DISSENTING OPINION BY MR. JUSTICE POMEROY:

Appellant contends that the failure of the court below to set a minimum limit on her sentence of imprisonment violated her constitutional rights. The majority declines to consider the merits of this contention on the ground that appellant has waived the issue by failing to raise it during the proceedings below. I cannot agree, and respectfully register my dissent.

It is of course true that alleged trial errors which are not brought to the attention of the trial court in a timely fashion will not be considered on appeal. Any such error must, at the very latest, be raised in post-trial motions. *Commonwealth v. Reid,* 458 Pa. 357, 326 A.2d 267 (1974); *Commonwealth v. Agie,* 449 Pa. 187, 296 A.2d 741 (1972). I am not aware, however, of any similar waiver rule with respect to errors in sentencing. No mention of such a rule appears in any of our recent decisions considering sentencing errors. See, e.g., *Commonwealth v. Brown,* 455 Pa. 274, 314 A. 2d 506 (1974); *Commonwealth v. Williams,* 456 Pa. 550, 317 A.2d 250 (1974); *Commonwealth v. Person,* 450 Pa. 1, 297 A.2d 460 (1972); *Commonwealth v. Silverman,* 442 Pa. 211, 275 A.2d 308; *Wilson Appeal,* 438 Pa. 425, 264 A.2d 614 (1970). Indeed, this appears to be the first occasion on which we have applied the waiver rule to a case of this sort. Sentencing, of course, takes place after the consideration of post-trial motions, the time when a defendant is required to specify the trial errors he expects to be considered by a court en banc and by an appellate court if an appeal is taken.

*Compare* Pennsylvania Rules of Criminal Procedure 1123 *and* 1405; *see also* ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Appellate Review of Sentences, §3.1(a) (Approved Draft, 1968). I am not persuaded that the rule the Court announces today will operate in the interests of justice. But even if such a strict rule of waiver should govern our ordinary practice, the rule would not be applicable here.

Today, as the majority notes, this Court announces its decision in *Commonwealth v. Butler,* 458 Pa. 289, 328 A.2d 851 (1974), striking down on constitutional grounds that portion of the Muncy Act[1] which proscribes the imposition of minimum prison sentences for female offenders. As I read it, this decision is dispositive not only of Butler's constitutional claim, but of this appellant's as well. Under the holding in *Butler,* Joan Piper is entitled to have her case remanded for resentencing, at which time a minimum sentence should be imposed.[2] In *Commonwealth v. Cheeks,* 429 Pa. 89, 239 A.2d 793 (1968), this Court reached the merits of a constitutional claim based on *Pointer v. Texas,* 380 U.S. 400 (1965), although the issue had not been raised by the defendant at his trial, which occurred several months before the announcement of the *Pointer* decision. Speaking for the Court, Mr. Justice ROBERTS remarked: "It would be manifestly unfair to hold appellant to a waiver when this waiver is alleged to have occurred at a time when neither the defendant nor his attorney had any way of knowing that there existed a right to be waived." *Id.* at 95, 239 A.2d at 796. The Court has re-echoed this sentiment on several occasions.[3] Although I have not always agreed with the

---

[1] Act of July 16, 1968, P.L. 349, §1, 61 P.S. §566 (Supp. 1974).

[2] *See* text, *infra,* at 315.

[3] See *Commonwealth v. Jefferson,* 423 Pa. 541, 226 A.2d 765 (1967); *Commonwealth v. Richardson,* 433 Pa. 195, 249 A.2d 307

limits to which the Court has extended this exception to the waiver rule,[4] I am of the opinion that the exception should apply where, as here, the proceedings below are concluded before the announcement of a controlling appellate decision based on constitutional grounds and retroactively applied.[5]

Moreover, though no formal objection was raised at Joan Piper's sentencing hearing, there was considerable discussion concerning the term of sentence, and the trial court expressed chagrin at its inability to impose a minimum sentence.[6] The validity of the sentence was

---

(1969) ; *Commonwealth v. Simon,* 446 Pa. 215, 285 A.2d 861 (1971) ; *Commonwealth v. Wayman,* 454 Pa. 79, 82 n.1, 309 A.2d 784, 786 (1973) ; *Commonwealth v. Hancock,* 455 Pa. 583, 317 A.2d 588, 590, n.2 (1974).

It is difficult to see why the *Cheeks* exception to our normal and salutary waiver rule should be any less applicable to appellate proceedings (such as those in the Superior Court in the instant case) than it is to proceedings in a trial court. Indeed, it was so applied in *Commonwealth v. Hancock, supra,* where the appellant was allowed to raise a *non-constitutional* issue (*Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972)) which he had not raised in the Superior Court. The cases cited in footnote 5 of the majority opinion state the general rule, but in light of the more recent authority of the *Cheeks* line of cases, they seem to me to be inapplicable here.

[4] *See, e.g.,* the dissenting opinion of this writer in *Commonwealth v. Wayman,* 454 Pa. 79, 86, 309 A.2d 784, 788 (1973).

[5] As indicated below, I have no doubt that our decision in *Butler* should, under the current guidelines governing the retrospective application of constitutional decisions, be applied retroactively. See *Desist v. United States,* 394 U.S. 244, 22 L.Ed.2d 248 (1969) ; *Williams v. United States,* 401 U.S. 646, 28 L.Ed.2d 388 (1971). But even were this not the case, I believe that *Butler* should at least be applied to this case and all other timely appeals not yet finally litigated.

[6] The record contains the following comments by the court and counsel: The Court: "I think it only fair to state in this situation that it would probably be a guess, if they would leave us with a minimum, we wouldn't want a minimum of any more than six months at the most, but we can't say that anymore. It's up to

considered in the dissenting opinion of Judge HOFFMAN in the Superior Court,[7] and we granted allocatur specifically to consider the question of the constitutionality of discriminating between male and female offenders in the imposition of minimum sentences. The case was fully argued in this Court, but we ordered reargument in conjunction with *Commonwealth v. Butler, supra.* In my view, logic and justice require that we consider appellant's constitutional claim.

Believing as I do that *Butler* is dispositive of appellant's constitutional claim, and that the Court's holding in that case should be given retroactive effect, I turn to the questions of the proper relief to be afforded appellant and the sentences to be imposed on other female offenders in Pennsylvania. Minimum sentences are of importance and concern to convicted offenders because of their bearing on the question of parole. The setting of a minimum sentence under the general sentencing statute (the Act of 1911),[8] considered in conjunction with our parole procedures, is in effect an order to the Parole Board to review the prisoner's status at the time of the expiration of the minimum. Where there is no minimum sentence, *eligibility* for review commences on the date of incarceration, although as a practical matter, *actual* review may not occur until many months thereafter. As did Judge HOFFMAN in the Superior Court,[9] I take judicial notice

---

someone else. All we can say is the maximum." Defense Counsel: "Can't the Court recommend?" The Court: ". . . It may seem to her we are saying 15 months is a persecution, our hands are tied on the minimum. As far as the sentence is concerned, they could release her tomorrow, which is the strange part about it."

[7] 221 Pa. Superior Ct. 187, 289 A.2d 193 (1972) (dissenting opinion of HOFFMAN, J., joined by SPAULDING, J.).

[8] Act of June 19, 1911, P.L. 1055, §6, as amended by the Acts of June 29, 1923, P.L. 975, No. 397, §1, and September 26, 1951, P.L. 1460, §1, 19 P.S. §1057.

[9] 221 Pa. Superior Ct. at 194, n.2, 289 A.2d at 197.

of the fact that the Parole Board, in an exercise of its discretion, has created guidelines for determining when the case of a female offender imprisoned at Muncy will be taken up for consideration. In most instances, that action takes place more than six months from the date of incarceration. We thus have a statutory scheme which frequently inures to the benefit of those imprisoned under the Muncy Act, but sometimes, as here, is clearly prejudicial to female offenders. In the case at bar, immediately before pronouncing sentence, the court remarked that a minimum sentence of six months seemed appropriate to the case, but that the statute prohibited the setting of any minimum sentence.[10] Thus, had the sentence been imposed under the Act of 1911, appellant would have received review of her parole status at the end of six months, whereas under the sentence imposed under the Muncy Act, she can expect review only after expiration of a period almost certain to be longer.[11]

In light of these considerations, and after study of the helpful opinion of the Supreme Court of New Jersey in *State v. Chambers*, 63 N.J. 287, 307 A.2d 78 (1973), I am of the opinion that the following steps should be taken.

*One.* Appellant Joan Piper should be sentenced to a minimum term in conjunction with her previously imposed maximum sentence. On remand, the sentencing court should be mindful of the minimum sentence which it indicated it would have imposed were it authorized to do so.

---

[10] See note 6, *supra*.

[11] Appellant was sentenced to fifteen months imprisonment on March 11, 1971. Under normal circumstances, her challenge to the sentencing statute would now be moot as a result of either expiration of the sentence or the granting of parole. At the time of sentencing, however, appellant was released on bail pending appeal. Consequently, appellant's constitutional claim remains justiciable.

*Two.* Those women presently incarcerated at Muncy should be given the option of receiving minimum sentences. As noted above, the absence of a minimum sentence is often considered an advantage, and many inmates may elect not to be resentenced. The choice should be left to each individual.[12] The Commonwealth should be directed to give to all inmates of the State Industrial Home for Women at Muncy prompt written notice of this option in a form approved by the sentencing court, and any prisoner electing to be resentenced should apply for resentencing to the appropriate trial court within thirty days next following receipt of such notice.

*Three.* Finally, to insure equal treatment of the sexes, women offenders should hereafter be sentenced under the provisions of the Act of 1911 until otherwise provided by law.

As I see it, this proposal is far preferable to piecemeal litigation of claims similar to the one at bar in proceedings under the Post Conviction Hearing Act. I see no reason to postpone the inevitable day when we will be obliged to confront these claims.

---

[12] To *require* resentencing under the Act of 1911 would appear to be unconstitutional as an *ex post facto* law. See *Lindsey v. Washington*, 301 U.S. 397, 81 L.Ed. 1182 (1937). That is so because a minimum sentence where previously there was none can be a harsher penalty. While minimums could be imposed not to exceed the time already served, thereby insuring no prejudice to defendants, *Lindsey* indicates that an *ex post facto* law is determined by the *possibility* of an increased penalty, not by the sentence actually imposed. *Id.* at 301 U.S. 401. I perceive no policy, however, which would bar this Court from treating the request for a minimum sentence as a waiver of any *ex post facto* objection.