**Rule 302. Requisites for Reviewable Issue.**

(a)     *General rule.—*Issues not raised in the **[lower] trial** court are waived and cannot be raised for the first time on appeal.

(b)     *Charge to jury.—*A general exception to the charge to the jury will not preserve an issue for appeal.  Specific exception shall be taken to the language or omission complained of.

Official Note: **[This rule sets forth a frequently overlooked requirement.  See, e.g.** *Commonwealth v. Piper***, 458 Pa. 307, 328 A.2d 845 (1974), as to Subdivision (a).  See, e.g.** *Dilliplaine v. Lehigh Valley Trust Co.,* **457 Pa. 255, 322 A.2d 114 (1974);** *Commonwealth v. Light***, 458 Pa. 328, 326 A.2d 288 (1974) as to Subdivision (b).  Rule 2117(c) (statement of place of raising or preservation of issues) and Rule 2119(e) (statement of place of raising or preservation of issues) require that the brief expressly set forth in both the statement of the case and in the argument reference to the place in the record where the issue presented for decision on appeal has been raised or preserved below.**

**See Rule 1551 (Scope of Review) as to requisites for reviewable issue on petition for review.]**

**Paragraph (a)—***See Commonwealth v. Piper,* **328 A.2d 845, 847 (Pa. 1974) ("[I]ssues not raised in the court below are waived and cannot be raised for the first time on appeal….").**

**Paragraph (b)—In the civil context, the Supreme Court held in** *Jones v. Ott***, 191 A.3d 782, 791 n.13 (Pa. 2018), that "in order to preserve a jury-charge challenge under Pa.R.C.P. 227.1 by filing proposed points for charge with the prothonotary, a party must make requested points for charge part of the record pursuant to Pa.R.C.P. 226(a), obtain an explicit trial court ruling upon the challenged instruction, and raise the issue in a post-trial motion.** *See* **Pa.R.A.P. 302(a); Pa.R.C.P. 226(a), 227, 227.1."** *See Dilliplaine v. Lehigh Valley Trust Co.,* **322 A.2d 114 (Pa. 1974) (specific exception to trial court's jury instruction must be made in order to preserve a point for appellate review).**

**In the criminal context, the procedure for raising and preserving objections to a jury charge is found in Pa.R.Crim.P. 647(B) and (C).** *See also Commonwealth v. Pressley***, 887 A.2d 220, 225 (Pa. 2005) ("[M]ere submission and subsequent denial of proposed points for charge that are inconsistent with or omitted from the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points.");** *Commonwealth v. Light***, 326 A.2d 288 (Pa. 1974) (plurality opinion)**

**(failure to take a specific exception to the language complained of in a jury charge forecloses review by the appellate court).**

**Failure to follow the appropriate procedure may result in waiver of this issue.**

**Cross references—Pa.R.A.P. 2117(c) (statement of place of raising or preservation of issues) and Pa.R.A.P. 2119(e) (statement of place of raising or preservation of issues) require that the brief, in both the statement of the case and in the argument, expressly refer to the place in the record where the issue presented for decision on appeal has been raised or preserved below. See Pa.R.A.P. 1551 (scope of review) as to requisites for reviewable issues on petition.**