**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CYNTHIA LYNN POLLICK | : | |
| | : | |
| Appellant | : | No. 1452 MDA 2022 |

Appeal from the Judgment of Sentence Entered July 21, 2022
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001295-2021

BEFORE: LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: MAY 16, 2024**

Appellant Cynthia Lynn Pollick appeals from the judgment of sentence imposed following her convictions for disorderly conduct and public drunkenness.[1] Appellant raises multiple claims challenging the weight and sufficiency of the evidence, the trial court's evidentiary rulings, the jury instructions, and the discretionary aspects of her sentence. Following our review of the record, the parties' briefs, and the trial court's analysis, we affirm based on the trial court's opinion.

We adopt the trial court's summary of the facts and procedural history underlying this matter. *See* Trial Ct. Op., 5/19/23, at 2-6 (unpaginated). Briefly, Appellant was arrested and charged with the aforementioned offenses

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 5503(a)(4) and 5505, respectively.

in 2022 following an incident where she "repeatedly attempted to enter a marked Pennsylvania State Police vehicle by banging on the door and pulling on the handle, while Appellant was visibly intoxicated and the vehicle was on a public road." *Id.* at 2-3 (unpaginated) (citation omitted). Ultimately, Appellant was convicted of both offenses. On July 21, 2022, Appellant was sentenced to six months' probation and ordered to pay $300 in restitution. Appellant filed timely post-sentence motions, which the trial court ultimately denied.[2]

---

[2] We note that Appellant, who is an attorney, was *pro se* throughout trial and sentencing. On July 25, 2022, the trial court appointed counsel on Appellant's behalf. The following day, Appellant filed *pro se* post-sentence motions. Because Appellant was represented by counsel, the trial court should have treated those motions as a legal nullity and allowed Appellant's counsel to file post-sentence motions *nunc pro tunc*. Instead, the trial court directed briefing on the *pro se* post-sentence motions. Appellant then filed a *pro se* notice of appeal on August 8, 2022, which was docketed at No. 1113 MDA 2022. On August 26, 2022, counsel filed an application in this Court requesting a stay of the appeal pending resolution of the post-sentence motions. On September 8, 2022, via a *per curiam* order, this Court declared the *pro se* post-sentence motions a nullity, denied counsel's request for a stay, and directed counsel to either file a docketing statement or withdraw the appeal and seek leave to file counseled post-sentence motions *nunc pro tunc*.

Counsel subsequently filed a motion with the trial court seeking to file post-sentence motions *nunc pro tunc* on September 14, 2022, which the trial court granted. However, the trial court did not have jurisdiction to do so, as the appeal at No. 1113 MDA 2022 was still pending. *See* Pa.R.A.P. 1701(a).

On September 23, 2022, via a *per curiam* order, this Court granted counsel's request to withdraw the appeal at No. 1113 MDA 2022 and discontinued it. The order further declared the trial court's September 16, 2022 order granting leave to file post-sentence motions *nunc pro tunc* a nullity and directed counsel to seek leave to file post-sentence motions *nunc pro tunc* after the
*(Footnote Continued Next Page)*

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises several issues, which we reorder and restate as follows:

1. Whether the trial court erred when it denied Appellant's motion for judgment of acquittal where the jury's verdict was against the weight of the evidence and there was insufficient evidence admitted at trial to prove beyond a reasonable doubt that Appellant committed the crimes of disorderly conduct and public drunkenness.

_____

appeal was discontinued. Instead of seeking leave to file the motions *nunc pro tunc*, counsel simply filed the post-sentence motions *nunc pro tunc* on September 23, 2022. The trial court denied the motions on October 5, 2022, and counsel filed the instant appeal on October 12, 2022.

Although counsel did not refile her motion for leave to file post-sentence motions *nunc pro tunc* as directed by this Court, it is clear from the record that the trial court intended to allow counsel to file those motions *nunc pro tunc*. **See** Trial Ct. Order, 9/16/22. Therefore, in the interest of judicial economy, we will "regard as done that which ought to have been done" and treat counsel's post-sentence motions as properly filed. **See Commonwealth v. Howard**, 659 A.2d 1018, 1021 n.12 (Pa. Super. 1995) (disregarding the appellant's failure to praecipe clerk of courts for entry of appealable order, "regard[ing] as done that which ought to have been done," and proceeding to review the appellant's claims (citations omitted and formatting altered)); **see also** Pa.R.A.P. 105(a) (permitting an appellate court to disregard requirements of appellate rules in the interest of expediting a decision).

2. Whether Appellant was convicted and erroneously sentenced by the trial court for disorderly conduct graded as a misdemeanor of the third degree.[3]

3. Whether the trial court committed reversible error by failing to formally arraign Appellant prior to commencement of trial.

4. Whether the trial court violated Appellant's right to counsel when it failed to provide Appellant with counsel upon request or conduct the requisite waiver of counsel colloquy on the record at critical stages of the criminal prosecution.

5. Whether the trial court unduly prejudiced and thus denied Appellant her right to a fair trial under the United States and Pennsylvania Constitutions, by commencing trial on May 2, 2022, when Appellant was *pro se* and incarcerated in Lackawanna County Prison on April 25, 2022 relative to a divorce judgment, without access to the prison law library and materials necessary to prepare for trial.

6. Whether Appellant was denied her constitutional right to a fair trial when only the Commonwealth received the jury panel's full questionnaire responses during *voir dire*.

7. Whether the trial court erred when it allowed the Commonwealth to admit video evidence of Appellant recorded on the trooper's dash camera after Appellant was already under arrest to prove she committed disorderly conduct.

8. Whether the trial court erred when it admitted recordings of the 911 calls made relative to this case as evidence at trial when the state troopers did not hear said 911 calls prior to arresting Appellant and the 911 calls played during trial had hiccups and thus did not match the 911 calls previously authenticated and admitted into evidence during Appellant's pretrial hearing.

---

[3] In her statement of questions, Appellant presents this issue as a challenge to the grading of the disorderly conduct conviction. However, in the argument section of her brief, she challenges the sufficiency of the evidence and claims that the sentence was illegal. We agree with the trial court that both claims are meritless. **See** Trial Ct. Op. at 6-8, 18-19 (unpaginated).

9. Whether the trial court erred in failing to preserve evidence presented at trial, namely whiteboard and demonstrative evidence used by the Commonwealth during the direct examination of its witnesses.

10. Whether the trial court erred when it accepted and used the Commonwealth's proposed jury instructions instead of the standard proposed jury instructions to instruct the jury on the offense of disorderly conduct.

11. Whether the trial court erred when it imposed an unduly harsh and excessive sentence.

12. Whether the trial court erred in ordering Appellant to file a concise statement of errors on appeal pursuant to Pa. R.A.P. 1925(b) when the presiding trial court judge, the Honorable Joseph Augello, has retired and is thus unable to write or file an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant's Brief at 11-13.

The trial court thoroughly addressed Appellant's claims and concluded that she was not entitled to relief. *See* Trial Ct. Op. at 1-20 (unpaginated). Therefore, after careful consideration of the record, the parties' arguments, and the trial court's conclusions, we affirm on the basis of the trial court opinion. *See id.* Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/16/2024

- 5 -

COMMONWEALTH OF : IN THE COURT OF COMMON PLEAS
PENNSYLVANIA : OF LACKAWANNA COUNTY
:     CRIMINAL DIVISION
v. :
:
CYNTHIA POLLICK : 21 CR 1295

---

## OPINION

**LEWIS, S. J.**

This opinion is filed pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure. Cynthia Pollick (herein after "Appellant") filed timely Notice of Appeal on October 12, 2022. Appellant's issues are as follows:

1. **Whether this Court erred when it denied Appellant's Motion for Judgment of Acquittal where the jury's verdict was against the weight of the evidence and there was insufficient evidence admitted at Trial to prove beyond a reasonable doubt that Appellant committed the crimes of disorderly conduct and public drunkenness.**

2. **Whether this Court committed reversible error by failing to formally arraign Appellant prior to commencement of trial.**

3. **Whether this Court violated Appellant's right to counsel when it failed to provide Appellant counsel upon request or conduct the requisite waiver of counsel colloquy on the record at critical stages of the criminal prosecution.**

4. **Whether this Court unduly prejudiced and thus denied Appellant her right to a fair trial under the United States and Pennsylvania Constitutions, by commencing trial on May 2, 2022, when Appellant was pro se and incarcerated in Lackawanna County Prison on April 25, 2022 relative to a divorce judgment, without access to the prison law library and materials necessary to prepare for trial.**

5. **Whether Appellant was denied her constitutional right to a fair trial when only the Commonwealth received the jury panel's full questionnaire responses during voir dire.**

6. **Whether this Court erred when it allowed the Commonwealth to admit video evidence of Appellant recorded on the trooper's dash**

camera after Appellant was already under arrest to prove she committed disorderly conduct.

7. Whether this Court erred when it admitted recordings of the 911 calls made relative to this case as evidence at trial when the state troopers did not hear said 911 calls prior to arresting Appellant and the 911 calls played during trial had hiccups and thus did not match the 911 calls previously authenticated and admitted into evidence during Appellant's pre-trial hearing.

8. Whether this Court erred in failing to preserve evidence presented at trial, namely whiteboard and demonstrative evidence used by the Commonwealth during the direct examination of its witnesses.

9. Whether this Court erred when it accepted and used the Commonwealth's proposed jury instructions instead of the standard proposed jury instructions to instruct the jury on the offense of disorderly conduct.

10. Whether Appellant was convicted and erroneously sentenced by this Court for disorderly conduct graded as a misdemeanor of the third degree.

11. Whether this Court erred when it imposed an unduly harsh and excessive sentence.

12. Whether this Court erred in ordering Appellant to file a Concise Statement of Errors on Appeal Pursuant to Pa. R.A.P. 1925(b) when the presiding Trial Court Judge, Joseph Augello, has retired and is thus unable to write or file an Opinion pursuant to Pa. R.A.P. 1925(a).

For the following reasons, including a review of the record and the facts and history of the case, the trial court's rulings and the jury's verdict should be affirmed.

## FACTUAL AND PROCEDURAL HISTORY

The Commonwealth charged the Appellant via Criminal Information with one (1) count of Disorderly Conduct in violation of 18 Pa. C.S.A. 5503(a)(4), and one (1) count of Public Drunkenness in violation of 18 Pa. C.S.A. 5505, stemming from an incident on July 9, 2021, where Appellant repeatedly attempted to enter a marked Pennsylvania State Police vehicle by banging on the door and pulling on the handle, while Appellant was

visibly intoxicated and the vehicle was on a public road. **Fells, Affidavit of Probable Cause, July 9, 2021, at p. 1.**

During a three day trial, which commenced on May 2, 2022, and ended on May 4, 2022, the Commonwealth presented evidence through several witnesses. Specifically, in its case-in-chief, the Commonwealth called several witnesses, including Pennsylvania State Trooper Christopher Cole, Pennsylvania State Trooper William Fells, Nancy Pollick, Alan Kearney, Thomas Summerhill, Eugene Lesneski, Gregory Emiliani, and Henry Zimmer.

Testimony disclosed that on July 9, 2021, Appellant placed a 911 call into the Lackawanna County Communications Center three separate times wherein there seemed to be a domestic dispute between Appellant and her mother, Nancy Pollick, at their residence at 11059 Valley View Drive, Newtown Township, PA. **Note to Transcript, Trial, May 3, 2022 at p. 10.** Trooper Fells and Corporal Cole were dispatched to that address where they found Appellant and her mother inside the garage. **N.T., May 3, 2022 at p. 163-164.** Upon PSP arrival, Appellant was argumentative with Trooper Fells and Corporal Cole. She was aggressive and there was a strong odor of alcohol coming from her breath. **Id. at 166.** Appellant also exhibited slurred speech and could not seem to keep her balance as she kept stumbling around the garage and front yard. **Id.** Appellant proceeded to walk over to Corporal Cole's patrol vehicle and began "pulling on the door of my marked patrol SUV and was banging on the window to let her in." **Id.** Appellant continued this behavior, along with screaming and yelling, oftentimes in Corporal Cole's face. **Id. at 167.** Appellant also repeatedly stated, "Take me to jail," several times throughout this interaction. **Id. at 170.** Soon after, Trooper Fells arrived and parked

directly behind Corporal Cole's vehicle in the driveway, where Appellant proceeded to bang on the windows and pull on the door handle of his vehicle as well. **Id. at 170-171.** Corporal Cole testified that he attempted to deescalate the situation roughly 40 to 50 times, suggesting to Appellant that she head inside and sleep it off. **Id. at 171.** Eventually, Nancy Pollick called her son-in law Eugene Lesneski to assist in deescalating the situation, but his arrival did not seem to make matters any better. **Id. at 173.** Upon Mr. Lesneski's arrival, Appellant started to shout in his face as well, accusing him of being in the mafia, along with Trooper Fells and Corporal Cole. **Id.** It was at this point Appellant walked inside her residence and all parties involved believed the altercation to be over, so both Trooper Fells and Corporal Cole got in their vehicles and began to drive away. **Id. at 173-174.** Corporal Cole watched Appellant walk out of the home and over to his vehicle and began banging on the windows and pulling on the door handle of his patrol vehicle. **Id. at 174.** Trooper Fells saw this interaction in his rear view mirror and turned around to assist in the situation. **N.T., Trial, May 4, 2022 at p. 20.** Trooper Fells parked his patrol vehicle on the opposite side of Valley View Drive, across the roadway from Appellant's residence. **Id. at 21.** As soon as Trooper Fells exited his vehicle, Appellant ran out into the roadway towards his patrol vehicle and proceeded to bang on the windows and door handles asking to be arrested and for law enforcement to take her to jail. **Id. at 20-21.** Trooper Fells continued to reason with Appellant, asking her to stop banging on the windows and to exit the roadway and go inside. **Id. at 22-23.** After a few minutes of Appellant ignoring his instruction, Trooper Fells placed her under arrest based upon her refusal to exit the roadway, her refusal to cease banging on his patrol vehicle windows and pulling on the door handles, and her clear high level of intoxication. **Id. at**

23-24. Appellant was arrested for Disorderly Conduct and Public Drunkenness, placed into Trooper Fells patrol vehicle, and taken to the Processing Center. **Id. at 24, 27.**

After the conclusion of each party's case, the jury deliberated and returned a verdict of guilty as to Count I-Disorderly Conduct and the trial judge found Appellant guilty of Count II-Public Drunkenness.

Subsequently, on July 21, 2022, Appellant was sentenced Court imposed within the standard guideline ranges as follows:

**Count I- Disorderly Conduct – six (6) months of probation;**

**Count II- Public Drunkenness - $300 fine**

The Appellant was ordered to obtain a mental health evaluation and pay $300.00 in restitution. **(N.T. Sentencing, July 21, 2022, p. 7).**

Following Appellant's sentencing, Appellant filed several pro se post-sentence motions on July 23, July 24, and July 25. The trial court subsequently issued an order on July 25, 2022, granting Appellant's request to appoint appellate counsel by appointing Jillian Kochis, Esq. Further, the trial court issued an order on August 4, 2022, directing defense counsel to file a brief in support of Defendant's pro se post-sentence motions on or before August 31, 2022. On August 8, 2022, Appellant filed a Pro Se Notice of Appeal to the Pennsylvania Superior Court docketed at 1113 MDA 2022. On September 12, 2022, Defendant filed a Brief in Support of Defendant's Post-Trial/Sentence Motions. On September 14, 2022, Appellant filed a Motion for Leave to File Post-Sentence Motion(s) Nunc Pro Tunc, which this Court granted by Court Order on September 16, 2022. On September 23, 2022, Appellant filed Nunc Pro Tunc Post-Sentence Motions. Also on September 23, 2022, the Pennsylvania Superior Court issued an order vacating this

Court's September 16, 2022 order discontinuing Appellant's first appeal docketed at 1113 MDA 2022, and granting Appellant's request for leave to file Nunc Pro Tunc Post-Sentence motions. The September 23, 2022 Superior Court order further directed Appellant to ask this Court for leave to file nunc pro tunc post-sentence motions.

On October 5, 2022, the trial court issued an opinion denying Appellant's Nunc Pro Tunc Post-Sentence Motions in their entirety.

On October 12, 2022, Appellant, filed a Notice of Appeal to the Pennsylvania Superior Court related to the above-captioned case, however this Court was not served with said Notice of Appeal until a late notice was sent to this Court by way of e-mail on January 13, 2023. A concise statement was ordered on January 20, 2023, which Appellant filed on February 8, 2023. Based upon the Honorable Judge Augello's retirement from the bench, the Honorable Richard A. Lewis was appointed to this case in December 2022 as a visiting judge and subsequently directed both parties to file briefs by way of court order on February 17, 2023. The Commonwealth filed their brief on March 3, 2023, and Appellant did so six (6) days later on March 9, 2023.

**DISCUSSION**

First, this Court will consolidate its discussion related to Appellant's first and tenth issues as Appellant challenges the weight of the evidence in both.

Appellant argues that this Court erred when it denied Appellant's Motion for Judgment of Acquittal stating there was insufficient evidence and the jury's verdict was against the weight of the evidence. A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. **Commonwealth v. Clay**, 64 A.3d 1049, 1054-55 (Pa. 2013). "A verdict will only

be reversed on the basis of the weight of the evidence where the evidence is so tenuous, vague and uncertain that the verdict shocks the conscience of the court." **Commonwealth v. Fuentes, 272 A.3d 511 (Pa. Super. 2022).** The test for evaluating the sufficiency of the evidence is:

> "whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. **Commonwealth v. Taylor, 137 A.3d 611 (Pa. Super. 2016).**

One commits the crime of disorderly conduct when he or she "if, with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk of thereof, he [or she]: engages in fighting or threatening, or in violent or tumultuous behavior." **18 Pa.C.S.A. § 5503 (a) (1).** Also, one is guilty of the summary offense of public drunkenness if "he or she appears in any public place manifestly under the influence of alcohol...to the degree that he may endanger himself or other persons or property, or annoy persons in his vicinity." **18 Pa.C.S.A. § 5505.** In the instant case, trial lasted for approximately three (3) days wherein the Commonwealth called nine (9) witnesses to testify regarding the events of July 9, 2021. Both Trooper Fells and Corporal Cole testified at length regarding the entire altercation at Valley View Drive, including Appellant's absurd behavior throughout, the odor of alcohol emanating from her breath, Appellant's slurred speech and inconsistent balance, and refusing to get out of the roadway as instructed by Trooper Fells. Trooper Fells also testified regarding the issue of whether Appellant's actions occurred in public, specifically whether Valley View Drive was a public road. **N.T. May 4, 2022 at p. 21.** It is clear through the testimony of all witnesses, most notably Trooper Fells and Corporal Cole, that in reviewing the evidence

in the light most favorable to the Commonwealth as verdict winner, the Commonwealth has met its burden in establishing all elements of disorderly conduct and public drunkenndess beyond a reasonable doubt. The evidence also is clear regarding whether the disorderly conduct charge was properly graded as a third degree misdemeanor. Appellant's actions on July 9, 2021 were so egregious, forcing law enforcement to remain at Valley View Drive for approximately one (1) hour attempting to deescalate the situation, to no avail. Appellant provided Trooper Fells no choice but to arrest her after it was clear she was not capable of being reasoned with. Appellant has failed to demonstrate that the evidence was so one-sided or that a guilty verdict for disorderly conduct or public drunkenness would shock one's sense of justice. Appellant's claim is meritless and must fail.

Second, Appellant argues that this Court committed reversible error by failing to formally arraign Appellant prior to commencement of trial. The Pennsylvania Rules of Criminal Procedure provide:

> "that during an arraignment, the court must notify the defendant of the nature of the charges against him, his right to counsel, his right to file motions, and the potential consequences for his failure to appear without cause for any proceeding in which his presence is required. **Pa.R.Crim.P. 571(C).** Our Supreme Court has written that the purpose and necessity of an arraignment is to fix the identity of the accused, to inform him of the nature of the charges against him and to give him the opportunity of informing the court of his plea thereto. Due process of law does not require that any technical form of procedure be followed so long as the identity of the accused is definite, sufficient notice of the charges is given, and ample opportunity to plead afforded." **Commonwealth v. Gonzalez, 270 A.3d 1121 (Pa. Super. Ct. 2021).**

"When a defendant does not formally plead guilty to a charge but still actively defends against the charge, his actions are tantamount to a not-guilty plea." **Commonwealth v. Leland, 204 A.3d 461, 468 (Pa. Super. 2019).**

In the instant case, on July 19, 2021, Magistrate Judge Adcock read Appellant the charges prior to proceeding with the preliminary hearing. **Note to Transcript, Preliminary Hearing, July 19, 2021 at p. 7-10.** Appellant clearly stated on the record she understood the charges against her and that she would "review the information as required later on." **N.T., Preliminary Hearing, July 19, 2021 at p. 7.** Judge Adcock also made sure Appellant received a copy of the criminal complaint prior to the preliminary hearing beginning. **Id. at 8.** Appellant filed numerous pretrial motions, and eventually took this case to a jury trial, presenting that she not only understood the nature of the charges from the onset, but also that she was actively defending herself and acting as if she was pleading not guilty. Based upon the foregoing reasons, this Court finds that while Appellant did not complete a written waiver of arraignment, her actions throughout this case show that she understood all her rights as well as the charges against her. Therefore, Appellant's claim is meritless and must fail.

Third, Appellant argues that this Court violated Appellant's right to counsel when it failed to provide Appellant counsel upon request or conduct the requisite waiver of counsel colloquy. Appellant signed a Waiver of Counsel Colloquy dated July 19, 2021 for purposes of the preliminary hearing. On October 6, 2021, the Honorable Judge Bisignani-Moyle presided over a pre-trial motion hearing in this matter wherein this Court conducted a waiver of counsel colloquy on the record to ensure that Appellant was capable and willing to represent herself. **Note to Transcript, October 6, 2021 at p. 6-16.** Appellant stated clear and concise answers that she did in fact wish to represent herself and this Court was satisfied with her responses. **N.T., October 6, 2021 at p. 16.** It was only during Appellant's sentencing hearing that she requested appointed counsel for

appellate purposes based upon the fact that Appellant was incarcerated for an unrelated family court matter. **Note to Transcript, Sentencing, July 21, 2022 at p. 8-9).** On July 25, 2022, this Court entered an order appointing Jillian Kochis, Esq. to this matter. Based upon the fact that Appellant received appointed counsel when she requested it, signed a Waiver of Counsel Colloquy, stated she was aware of her right to counsel several times throughout this entire proceeding, this Court finds that Appellant's right to counsel was not violated and her claim is meritless and must fail.

Fourth, Appellant argues that this Court unduly prejudiced and denied Appellant her right to a fair trial under the United States and Pennsylvania Constitutions, by commencing trial on May 2, 2022, when Appellant was pro se and incarcerated in Lackawanna County Prison on April 25, 2022 relative to a divorce judgment, without access to the prison law library and materials necessary to prepare for trial. Appellant was well aware of her impending incarceration as she stated at the pretrial hearing on April 18, 2022, "Your Honor I do have one more about my fact that I may be in prison. I do not know what's going to happen to me." **N.T., Pretrial Hearing, April 18, 2022 at p. 48.** Appellant goes on to further stress the necessity of taking her case to trial, as she stated, " [I[t's important for me to have this trial on May 2nd." **Id.** Appellant was adamant that she was proceeding pro se, as she referred to herself as a "pro se litigant" prior to voir dire on May 2, 2022. **N.T. Jury Selection, May 2, 2022 at p. 2.** Appellant did not ask this Court for more time to prepare, as she appeared ready to proceed notwithstanding her recent incarceration stemming from her unrelated civil matter. Appellant's right to a fair trial was not violated, her claim has no merit and must fail.

Fifth, Appellant argues that she was denied her constitiuational right to a fair trial when only the Commonwealth received the jury panel's full questionnaire responses during voir dire. Defendant was not prejudiced as she received the same jury questionnaire as both this Court and the prosecution. The jury questionnaire is a standard, one-page form created by the Lackawanna County Court Administrator's Office and used in every criminal trial in Lackawanna County. This Court, the Commonwealth, and Appellant, all receive the same jury questionnaire, not only in this case, but in all other jury trials in Lackawanna County. Appellant has not put forth any valid legal argument, outside of this bald assertion, that she did not receive the full jury questionnaire, therefore Appellant's claim is meritless and must fail.

Sixth, Appellant argues this Court erred when it allowed the Commonwealth to admit video evidence of Appellant recorded on the trooper's dash camera after Appellant was already under arrest to prove she committed disorderly conduct. Pennsylvania Rule of Evidence 401 states "evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action."

**Pa.R.E. 401.** The evidence in question here is an audio recording of Appellant in the backseat of Trooper Fells' patrol vehicle, after Appellant was placed under arrest, on their route to the processing center. Appellant cites to **Commonwealth v. Conway**, 534 **A.2d 541 (Pa. Super. 1987)** where it was held that a defendant's statements on a video recording were lawfully suppressed based on their prejudicial value. That case can be distinguished from the one at hand because the statements made here by the Appellant

were not at all similar to the nervous behavior as cited to in <u>Conway</u>. <u>Conway</u>, **534 A.2d 541, 546 (Pa. Super. 1987).** The statements made by Appellant on the MVR were "ramblings" and statements regarding Federal Judges, clearly different than any nervous or traumatic statements regarding the ongoing arrest. **N.T., Trial, May 4, 2022 at p. 31.** Further, the <u>Conway</u> case dealt with audio and video of the defendant, whereas here it was only audio. **Id.** The jury was not able to actually see Appellant's physical state and therefore, it is not possible she was prejudiced in a way similar to the defendant in <u>Conway.</u> Appellant's argument has no merit as to relevance and her claim must fail.

Seventh, Appellant argues this Court erred when it admitted recordings of the 911 calls made relative to this case as evidence at trial when the state troopers did not hear said 911 calls prior to arresting Appellant and the 911 calls played during trial had hiccups and thus did not match the 911 calls previously authenticated and admitted into evidence during Appellant's pre-trial hearing. "Unless stipulated, to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." **Pa.R.E. 901.** Appellant argues in her Brief in Support of Defendant's Concise Statement of Errors on Appeal Pursuant to PA. R.A.P. 1925(B) that the Commonwealth did not properly authenticate the multiple 911 calls made by Appellant on July 9, 2021, however, Appellant failed to state that the Commonwealth called the Director of the 911 Call Center, Alan Kearney, as its first witness. **N.T., Trial, May 2, 2022 at p. 6.** Mr. Kearney testified at length regarding the preservation of said 911 call. **Id. at 8-10.** Mr. Kearney stated that the disk that said 911 calls were stored on were a "fairly and accurately represent the calls that were placed on July 9, 2021. **Id. at 10.**

Next, Appellant's mother, Nancy Pollick, was subsequently called to testify as she was present in the residence when Appellant made each 911 call. **N.T., Trial, May 3, 2022 at p. 23-26.** Appellant's claim that the 911 calls were not properly authenticated simply has no merit to it and must fail.

Appellant further argues that the 911 calls were not relevant at trial because Trooper Fells and Corporal Cole did not personally listen to the 911 calls prior to arresting Appellant. As stated earlier, Pennsylvania Rule of Evidence 401 states "evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action."

**Pa.R.E. 401.** The Commonwealth offered said 911 calls as evidence because they believed it was "relevant to show the circumstances of how the troopers were dispatched and reasons why they were dispatched to the home. It also — we have the Defendant's mother would also testify and she was present. She could authenticate the call. She was present. And it's just relevant and probative of her intent and additional circumstances." **N.T., Pretrial Hearing, April 18, 2022 at p. 22.** This Court had previously denied Appellant's motion to preclude the 911 tapes at the pretrial hearing on April 18, 2022, indicating that the Commonwealth's offer of proof was sufficient enough to show relevance. **Id. at 26.** Appellant has not brought forth any valid argument of prejudice as to why the 911 calls should not have been played and as such her claim has no merit and must fail.

Lastly, Appellant has put forth no evidence, outside of a bald assertion suggesting that the 911 calls played during the pre-trial hearing are any different than the ones heard at trial therefore her claim is without merit and must fail.

Eighth, Appellant argues that this Court erred in failing to preserve evidence presented at trial, namely whiteboard and demonstrative evidence used by the Commonwealth during the direct examination of its witnesses. Demonstrative evidence, is a type of evidence that is "tendered for the purpose of rendering other evidence more comprehensible to the trier of fact." **Commonwealth v. Serge**, **896 A.2d 1170, 1177 (2006).**

This issue was previously discussed on the record during the last day of trial on May 4, 2022. The Courtroom used during trial has technology where one of the functions include an interactive touchscreen where a witness can mark up photographs while on the stand. The exhibit in question relates to a diagram of Valley View Drive. Trooper Fells had circled where Appellant was standing throughout the altercation, and most importantly, where on the road Appellant was located. **N.T., Trial, May 4, 2022 at p. 21.** The exhibit, on its own, was admitted into evidence, however the amended photograph with the markings from Trooper Fells was never admitted into evidence as its own separate exhibit. **Id. at 120-121.** The jury, as fact finder, was able to observe said markings and utilized said markings, along with the many other unmarked exhibits and witness testimony, to determine that the Commonwealth established each element of disorderly conduct beyond a reasonable doubt, specifically that Appellant was in fact, "in public." Therefore, Appellant was not prejudiced by this Court failing to preserve the marked drawings. Her claim is meritless and must fail.

Ninth, Appellant argues that this Court erred when it accepted and used the Commonwealth's proposed jury instructions instead of the standard proposed jury instructions to instruct the jury on the offense of disorderly conduct. This Court instructed the jury using standard jury instructions, not the Commonwealth's proposed instructions. Defendant was not prejudiced by being unable to submit her own proposed instructions due to her incarceration on an unrelated civil matter. Based upon the foregoing reasons, Appellant's claim is meritless and must fail.

Appellant argues that this Court imposed an unduly harsh and excessive sentence. This Court has previously discussed this issue at length in its October 5, 2022 Opinion on Appellant's Nunc Pro Tunc Post-Sentence Motions.

Eleventh, Appellant argues that this Court imposed an unduly harsh and excessive sentence. This Court notes that no automatic right of appeal exists for a challenge to the discretionary aspects of sentencing. Rather, this type of appeal is more appropriately considered a petition for allowance of appeal. **Commonwealth v. Rossetti**, 863 A.2d 1185, 1193-1194 (Pa. Super. 2004) (citing **Commonwealth v. Ritchey**, 779 A.2d 1183, 1185 (Pa. Super.2001) (citations omitted)). Before reaching the merits of a discretionary sentencing issue, an appellate court must determine whether an appellant (i) filed a timely notice of appeal, (ii) properly preserved the issue to be heard on appeal, (iii) filed a brief free of fatal defects, and (iv) raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. **Commonwealth v. Mastromarino**, 2 A.3d 581, 588 (Pa. Super. 2010), cert. denied, 609 Pa. 685. An appellate court evaluates whether a particular issue raises a substantial question on a case-by-case basis. **Commonwealth v. Rossetti**, 863 A.2d 1185, 1194 (Pa. Super.

2004). A substantial question, may be raised if the appellant "sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Mouzon**, 812 A.2d 617, 627-28 (Pa. 2002). Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. **Commonwealth v. Shugars**, 895 **A.2d 1270, 1275 (Pa. Super. 2006).** "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Grady v. Frito–Lay, Inc.**, 839 A.2d 1038, 1046 (2003). In reviewing a sentence on appeal, the appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases[,] the appellate court shall affirm the sentence imposed by the sentencing

court. 42 Pa.C.S. § 9781; **Commonwealth v. Lewis**, 45 A.3d 405, 411 (Pa. **Super 2012).**

The rationale offered by the Pennsylvania Supreme Court for this deferential standard is as follows:

> Simply stated, the sentencing court sentences flesh-and-blood Appellants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

See **Commonwealth v. Walls, 926 A.2d 957, 961. (Pa. 2007).**

A sentencing court may determine a defendant's potential for rehabilitation by considering her demeanor, apparent remorse, manifestation of social conscience, and cooperation with law enforcement agents. **Commonwealth v. Begley, 780 A.2d 605, 644 (Pa. 2001); Commonwealth v. Constantine, 478 A.2d 39 (Pa. Super. 1984); Commonwealth v. Gallagher, 442 A.2d 820 (Pa. Super. 1982).**

The sentencing court must consider the particular circumstances of the offense and the character of the appellant. **Commonwealth v. Griffin, 804 A.2d 1, 10 (Pa. Super. 2002), appeal denied 868 A.2d 1198 (Pa. 2005).** To that end, if a presentence investigative report exists, it is presumed that the sentencing court "was aware of relevant information concerning the appellant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself." **Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1988).** The **Devers** Court further articulated that "it would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand." **Id.** See

Commonwealth v. Boyer, 856 A.2d 149 (Pa. Super. 2004); Commonwealth v. Burns, 765 A.2d 1144 (Pa. Super. 2000).

Facts regarding the nature and circumstances of the offense that are not necessarily elements of the convicted offense, are proper facts to consider in deciding to sentence in the mitigated range or the aggravated minimum range. Commonwealth v. Chilquist, 548 A.2d 272 (Pa. Super. 1988). See also, Commonwealth v. Darden, 531 A.2d 1144, 1149 (Pa. Super. 1987).

The Appellant's claim that the sentence imposed is unduly harsh and excessive is meritless as this Court sentenced the Appellant within the statutory limits. 18 Pa. C.S. §1104(3)(maximum sentence for misdemeanor of third degree is one (1) year). Similarly, the Appellant's sentence is not contrary to the Sentencing Code or the fundamental norms underlying the sentencing process. See Commonwealth v. Reynolds, 835 A.2d 720, 733 (Pa. Super. 2003)(the appellate court does not accept bald allegations of excessiveness); See also Commonwealth v. Bromley, 862 A.2d 598 (Pa. Super. 2004)(defendant did not raise substantial question by merely asserting sentence was excessive when he failed to reference any section of Sentencing Code potentially violated by sentence); Commonwealth v. Trippett, 932 A.2d 188 (Pa. Super. 2007)(bald allegation of excessiveness does not raise a substantial question). "Where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." Commonwealth v. Byrd, 2016 WL 716366, at 7 (Pa. Super. Ct. Feb. 23, 2016) (quoting Commonwealth v. Moury, 992 A.2d 162, 171 (Pa.Super.2010)). A sentence imposed within the guidelines may be reversed only if application of the guidelines is clearly unreasonable. Commonwealth v. Macias, 968

A.2d 773, 777 (Pa. Super. 2009); 42 Pa. C.S. § 9781(c). Unreasonable means a decision that is either irrational or not guided by sound judgment. **Commonwealth v. Walls**, 926 A.2d 957, 963 (Pa. 2007). Finally, a trial court is not required to provide a statement of reasoning for a sentence imposed within the standard range of the sentencing guidelines. **Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015).

On July 21, 2022, Appellant was sentenced accordingly:

**Count I- Disorderly Conduct – six (6) months of probation;**

**Count II- Public Drunkenness - $300 fine**

Appellant was sentenced in the standard range on Count I and this Court took into consideration the thirteen (13) days Appellant had previously spent incarcerated on this matter. **N.T., Sentencing, July 21, 2022 at p. 19, 21.** This Court intended on sentencing Appellant to "no further penalty on Count II, however, Appellant insisted on receiving a fine. **Id. at 22.** Appellant was sentenced well below the maximum of one year, and if not for Appellant's persistence, would have only received six (6) months' probation. It is clear that the court did not impose an unduly harsh and excessive sentence as it considered all the facts of the case. Accordingly, Appellant's claim has no merit and must fail.

Finally, Appellant argues the court erred in ordering Appellant to file a Concise Statement of Errors on Appeal Pursuant to Pa. R.A.P. 1925(b) when the presiding Trial Court Judge, Joseph Augello, had retired and was thus unable to write or file an Opinion pursuant to Pa. R.A.P. 1925(a). The circumstances surrounding this case are unusual. This case was first assigned to the Honorable Margaret Bisignani Moyle, however after a

full Lackawanna County bench recusal, the Honorable Joseph Augello from Luzerne County was assigned in January 2022. Judge Augello presided over this matter through September 2022 wherein he retired from the bench based upon his senior status. A new Judge was not assigned until December 2022, when the Honorable Richard A. Lewis from Dauphin County was assigned to the matter and has been presiding ever since. Appellant filed its Notice of Appeal on October 12, 2022, after the Honorable Judge Augello's retirement. Appellant did not serve this Court with a copy of said Notice until January 13, 2023 when this Court received a letter from Appellate Counsel inquiring on the status of said appeal. At this point, it seems only logical that the Honorable Richard A. Lewis write the 1925(a) opinion as he is the presiding Judge and has been since Appellant filed her appeal. This Court did not err in ordering a statement of matters complained of on appeal, therefore, Appellant's claim has no merit and must fail.

Pursuant to Rule 302 of the Pennsylvania Rules of Appellate Procedure, as a general rule, "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); Commonwealth v. Piper, 328 A.2d 845, 847 (Pa. 1974). Additionally, in order to preserve an issue for appellate review, it is necessary that the issue be presented initially to the trial court for decision via post-trial motions. And this is so, whether the conviction results from a trial or a plea of guilty. Commonwealth v. Williams, 330 A.2d 854 (Pa. 1975).